## IN RE FINKELSTEIN.

[Argued October 30, 1893. Decided November 2, 1893.]

CERTIORARI—*Appealable order—Alimony—Contempt.*—An order for payment of counsel fees and alimony in an action for divorce is an appealable order, and therefore *certiorari* will not lie to review the action of the lower court in committing defendant for contempt in refusing to obey such order.

SAME—*Constitutional law—Alimony—Contempt.*—The scope of the writ of *certiorari* is not so enlarged by section 3, article VIII, of the constitution, providing that "each of the justices of the supreme court may also issue and hear and determine writs of *certiorari* in proceedings for contempt in the district court," as to permit a review by this court of an order for the payment of alimony, where imprisonment for contempt is involved, notwithstanding relator had a remedy by appeal from such order. (*In re MacKnight*, 11 Mont. 132, 28 Am. St. Rep. 451, cited.)

Original proceeding. Application for writ of *habeas corpus* and *certiorari* in aid thereof to review proceedings of district court, resulting in the commitment of relator for contempt in refusing to obey an order for the payment of alimony. Denied.

*McConnell, Clayberg & Gunn,* for Relator.

*F. E. Stranahan,* for Respondent.

HARWOOD, J.—In this proceeding, which comprises a writ of *habeas corpus* addressed to the sheriff of Lewis and Clarke county, together with a writ of *certiorari* addressed to the district court within and for said county, relator seeks a review of certain proceedings, and discharge from imprisonment imposed upon him by order of said court.

It appears that in an action for divorce and alimony instituted against relator by Eva Finkelstein, his alleged wife, such proceedings were had as resulted in an order of the district court requiring relator to pay fifty dollars for employment of counsel on behalf of plaintiff in said action for divorce, together with the sum of thirty dollars per month, temporary alimony, payable to plaintiff until otherwise ordered, and that on default of payment of said sum of thirty dollars, as ordered, such further proceedings were had in the district court in said matter as resulted in an order committing defendant to imprisonment in the county jail for contempt of court in disobeying said order for payment of temporary alimony. Thereupon he sued out of this court a writ of *habeas corpus,* accompanied by a writ of *certiorari,* to review said proceedings of the district court, whereby relator seeks to show that said order for imprisonment is in excess of the jurisdiction of the district court, on certain grounds urged, and upon such showing to obtain an order discharging relator from imprisonment, through the writ of *habeas corpus.*

Respondent's counsel answers all these propositions urged on behalf of relator by pointing out that an appeal lies from a judgment or order of the district court for payment of temporary alimony in said proceedings for divorce, and that therefore the same cannot be reviewed by *certiorari,* as that writ can only be invoked where there is no appeal, as provided by section 555, Code of Civil Procedure, as well as the general doctrine defining and designating the functions and use of the writ of *certiorari.* And respondents' counsel further insists that inasmuch as an appeal lies from said order, through such appeal, with the stay bond provided in such cases, relator would obtain

his instant and complete remedy against the enforcement of the order for temporary alimony by imprisonment or otherwise, and that therefore he must be remitted to that proceeding for review of the action of the district court, by an order of this court refusing to review said proceeding on *certiorari*, and remanding relator to custody.

· That an appeal lies from the order for payment of temporary alimony in an action for divorce has been determined upon such sound principles of reason and authority, reviewed in the case of *Sharon* v. *Sharon*, 67 Cal. 185, under like provisions of the statute governing appeal as prevails here, and it is unnecessary to do more than to cite that case for an exposition of the authorities and reasons upon which we hold that appeal lies from the order or judgment of the district court for payment of alimony in the proceedings in question. Relator's counsel urges that, notwithstanding such right of appeal, this court should review the proceedings of the district court resulting in the commitment of relator for contempt, because the constitution (article VIII, § 3) provides that "each of the justices of the supreme court may also issue and hear and determine writs of *certiorari* in proceedings for contempt in the district court." Under this provision he argues that the scope of said writ is enlarged, so that, although relator has an appeal from said order or interlocutory judgment, and thereby relief from the effect thereof, the same should also be reviewed on *certiorari* where imprisonment for contempt is involved.

We cannot sustain this position. In our opinion, the framers of the constitution, in referring to the writ of *certiorari*, contemplated that proceeding as defined in our jurisprudence, as to its office and the conditions under which it may be invoked. (*In re MacKnight*, 11 Mont. 132; 28 Am. St. Rep. 451.) It follows, therefore, that relator has a remedy in the matter in question by appeal, if his contention is well founded, through which he may obtain relief, both from the imprisonment and from other methods of enforcing the order complained of. For these reasons an order will be entered remanding him to custody.

DE WITT, J., concurs.