## STATE, EX REL. NIXON v. SECOND JUDICIAL DISTRICT COURT ET AL.

[Submitted May 10, 1894.  Decided May 14, 1894.]

ALIMONY—*Order not reviewable on certiorari or habeas corpus.*—An order requiring the payment of alimony by a defendant in a divorce case is a judgment from which an appeal will lie, and therefore neither *certiorari* nor *habeas corpus* are available to review the action of the court in imprisoning the defendant for contempt in disobedience of such order.

SAME—*Remedy where party unable to pay.*—One who has become unable to pay alimony adjudged against him in a divorce case may institute proceedings seeking a modification of the judgment under section 1004, division 5, Compiled Statutes, allowing the court from time to time to make such alterations in the allowance of alimony as shall appear reasonable and just.

APPLICATION for writ of *certiorari* in aid of *habeas corpus.* Writ denied.

*John W. Cotter,* for Relator.

*George Haldorn,* and *Oliver M. Hall,* for Respondents.

Per CURIAM.—This is an application for a writ of *certiorari* to review the action of the district court in committing the relator to jail for contempt in disobedience of an order compelling him to pay alimony *pendente lite* to the plaintiff in the divorce action of May Nixon against the relator.   This application is made in aid of an application of a writ of *habeas corpus,* in which relator alleges that he is unlawfully imprisoned by virtue of the order of the district court, committing him for contempt, as above recited.

In that divorce action the court made an order that the defendant (relator herein) pay to plaintiff as alimony *pendente lite* forty dollars a month, and as counsel fees sixty dollars. This alimony was paid for some months, and no appeal was

taken from the order; nor does relator now complain that the order as originally made was wrong in any respect. But the alimony was not paid for the month of March, nor since that time. Relator was accordingly cited in the district court to show cause why he should not be punished for contempt for the nonpayment of the same. On that hearing he recited facts which he claimed showed his inability, or his want of faculty, to pay the alimony. Notwithstanding this attempted showing on his part, the court ordered him imprisoned until the order for alimony was obeyed. This imprisonment relator alleges was illegal, and on this writ of *certiorari* he asks us to review the action of the district court in ordering him imprisoned on such contempt proceedings. He also asks a discharge on his application for a writ of *habeas corpus.*

The order to pay alimony *pendente lite* was a judgment which was appealable. (*In re Finkelstein,* 13 Mont. 425.) No appeal was taken by defendant in the divorce case from that order or judgment. When that judgment was rendered, it must be presumed that the court passed upon and decided the matter of defendant's faculty to pay the alimony; that is to say, that action of the court adjudicated two matters: 1. That the defendant should pay such sum as alimony; and 2. That he had the faculty to pay it. That judgment remained unattacked when the contempt proceedings were taken which resulted in this present imprisonment of the relator. That order for alimony was a judgment, and had the characteristics and attributes of a judgment. A judgment cannot be attacked, as it was sought to do in this case, by presenting affidavits on a proceeding seeking to enforce such judgment. When the affidavits were presented on the contempt proceeding, there stood against the defendant a valid unchallenged judgment, requiring him to pay the alimony, as therein set forth. If he considered that judgment was wrong originally he could have appealed therefrom. But, as above noted, he never appealed from that judgment, and does not even now contend that it was not properly rendered; but he urges before us at this time that when the contempt proceedings were taken in the district court circumstances had arisen, and changes in his affairs had taken place, which rendered a compliance with the judgment

at that time—March, 1894—impossible. But he could not urge or present those facts while the integrity of the judgment was allowed to remain unassailed. It was practically attempting to avoid a judgment or order by *ex parte* affidavits in a proceeding not directed against the judgment. If the defendant in the divorce suit (relator herein) had become unable to pay the alimony adjudged against him he had a remedy. A court would not imprison him for his inability or want of faculty to pay the alimony; but his remedy is not by *habeas corpus* or *certiorari*. He should have sought a modification of the judgment for alimony by a proceeding for that purpose. The alimony was *pendente lite*. The court had continuing jurisdiction over that subject, and over the person of defendant in that case. If any doubt could be presented as to this being the law generally, that doubt would be resolved by our statute, which provides, in reference to divorces, that the court "may also grant alimony *pendente lite;* and the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance as shall appear reasonable and just." (Comp. Stats., div. 5, § 1004. See, also, 1 Bishop on Marriage & Divorce, §§ 489–93.) If the relator herein had made a regular application for a reduction of the alimony to the district court in which the suit was pending he could have presented all of this showing as to his want of faculty to pay the alimony, and plaintiff could have rebutted such showing, and the court would then have determined whether the alimony should be reduced. On such determination an order would be made, from which the defendant could have an appeal, and on such appeal this court would have made a review.

But as the matter is now before us the question of reduction of the alimony has never been tried or determined in a proper proceeding by the district court, nor was there opportunity offered to so try and determine. The court acted within its jurisdiction. It had jurisdiction to make the original order for alimony. That order had never been set aside or attacked by proper proceeding, and the court certainly had jurisdiction to enforce its order.

The order of commitment therefore appearing to be warranted by the proceedings as shown on return to the writ of *certiorari*, and no ground being shown to warrant the prisoner's discharge, he must be remanded to custody, and judgment will be entered accordingly. The prisoner is therefore remanded.

All concur.