# HOLTER LUMBER COMPANY, Appellant, *v.* FIRE-MAN'S FUND INSURANCE COMPANY, Respondent.

[Submitted May 11, 1896.   Decided May 26, 1896.]

Appeal—*Nonsuit—Order of dismissal.*—The dismissal of an action is in effect a final judgment, and where a motion for a nonsuit is granted and an order made dismissing the action and giving judgment for costs, an appeal will lie from such order, as a judgment.

Nonsuit—*Evidence.*—On a motion for a nonsuit the law regards the issues proved which the evidence tends to prove. (*Soyer* v. *Great Falls Water Company,* 15 Mont. 1. cited.)

Fire Insurance—*Contracts—Construction.*—Contracts of insurance, having for their object indemnity, should be liberally construed in favor of the insured, and the words of the agreement should be applied to the subject matter about which the parties are contracting at the time, the presumption being that such matter is in the minds of the parties at the time of their agreement.

Same—*Action on policy—Identity of building burned—nonsuit.*—On an issue as to whether the building burned was the property covered by a policy which described the insure premises as a one story frame building and additions while occupied as a dwelling and green house, evidence that plaintiff, when solicited by defendant's agent for insurance, stated that he intended to remove his dwelling house to the lots afterwards described in the policy and connect it with a greenhouse, then being constructed, and would then insure; that the policy was issued after the dwelling was removed to the lots, though it was never connected with the greenhouse, and that the building destroyed was a one story frame house and the same one which had been removed to the lots, but to which additions had been made, establishes *prima facie* the loss of the building described in the policy and the granting of a nonsuit was error.

Same—*Identity of property insured—Evidence of understanding of parties.*—Proof of the destruction of a one story frame building, occupied only as a dwelling, and not connected with a greenhouse, situated upon the insured premises, does not *prima facie* relieve the insurance company from liability upon a policy in which the description called for a one story frame building, occupied as a dwelling and greenhouse, where the evidence tended to show that the company and the insured understood, when the policy was issued, that each structure was to be used for its proper purposes.

Same—*Evidence of waiver of proofs of loss.*—Proof that the defendant's agent expressly waived formal proofs of loss after the fire, saying that the defendant was ready to pay its loss, tends on motion for a nonsuit to identify the house destroyed as the house insured.

Same—*Evidence of value of property.*—In an action on an insurance policy. the original cost of the property destroyed, the cost of a like building at the time of the trial and the difference in value between the house burned and a new one by reason of age and use are proper subjects of inquiry in determining the value at the time of the loss.

*Appeal from the Eighth Judicial District, Cascade County.*

Action on a fire insurance policy.   Defendant's motion for a nonsuit was granted by Benton, J.   Reversed.

This is an action on a contract of fire insurance.   It is al-

leged that about April 1, 1892, the defendant, by Phillip Gibson, its agent, solicited of J. H. Russell, the owner of the premises, insurance upon a one-story frame building and additions thereto, to be situated on lots 5, 6, and 7, block 24, of the Boston & Great Falls Addition to Great Falls; that Russell notified defendant that he would have said building insured as soon as it was removed to said lots, and, as soon as he was ready for the insurance, he would notify the defendant to issue the policy; that on or about June 9th thereafter, Russell notified the defendant that he was ready to have the policy issued, and the policy was issued; that at the time of the solicitation by Gibson, as agent, Russell paid in advance the premium for the said policy; and that it was well known to defendant that Russell did not want the policy issued and delivered until the house was removed to the lots hereinbefore referred to; and that the policy was not delivered until after the house was removed.

On February 9, 1893, it was averred, the property was totally destroyed, and that, on February 10th, Russell and plaintiff, the assignee of Russell's interest, notified defendant of the fire, and thereupon defendant waived the conditions of the policy requiring that notice of loss should be in writing, and released Russell from the performance of all conditions relating to proofs of the loss, and promised to pay plaintiff the sum of $600, the amount of the insurance, and stated that no further notice or proofs of the loss were necessary; that thereafter defendant refused to pay the insurance, upon the ground that the property covered by the policy was not destroyed by fire.

The answer alleges a delivery of the policy to Russell on April 7, 1892, and set up that, at the time of the execution and delivery of the contract of insurance, Russell was engaged in the erection and construction of a building for use as a dwelling and greenhouse, upon the premises described in the policy, and that Russell applied for the policy upon the building aforesaid, then in process of construction.

The defendant denied that the building described in the pol-

icy was destroyed by fire.  The answer admitted that there was a fire on the 9th of February, 1893, whereby a dwelling house, at that time standing upon one of the lots in the policy of insurance described, was destroyed by fire, and denied that at any time prior to the delivery of the policy the company was ever notified that the building which was afterwards destroyed by fire would be removed to, or erected upon, any of the lots mentioned in the policy; denied that Russell ever said that he desired insurance upon the building which was destroyed by fire, or that he ever requested the defendant not to deliver a policy until after the building which was subsequently destroyed by fire was removed to the lots mentioned in the policy.  It is also alleged that the building which was burned was erected long subsequent to the issue and delivery of the contract of insurance, and was not attached to, or in any manner made a part of, the building insured, and which was upon the said premises and in process of construction at the time of the making of the contract of insurance; that the building destroyed was never used as a greenhouse; that the plaintiff failed to make proofs of loss as required by the terms of the policy; that any information to plaintiff that plaintiff need furnish no written proofs was given while under the belief that the building described in the policy had been destroyed.  The answer denies all waiver, and pleads concurrent insurance without authority.  The replication denied the new matter set forth in the answer.  Evidence was introduced before the jury.  At the conclusion of plaintiff's testimony, the defendant moved the court to dismiss the action upon the ground that the evidence showed that the property insured had not been destroyed by fire, that the building destroyed was not covered by the policy of insurance, and because it appeared that the building destroyed was never occupied as a greenhouse.  The court granted this motion.  Plaintiff excepted, and appeals from the order of nonsuit and judgment for costs.

The transcript contains no judgment, but, by leave of this court, plaintiff has filed a copy of the original "judgment an

order in the case,'' in which the following entry appears after the formal recitals: ''Defendants then moved the court for a nonsuit, which motion was sustained by the court, to which plaintiff excepts. It is therefore ordered and adjudged by the court that this action be dismissed, and the case withdrawn from the jury. It is further ordered, adjudged, and decreed by the court that the defendant recover of and from the plaintiff its costs and disbursements herein expended, amounting to $18.80. And it is further ordered by the court that plaintiff be granted a stay of proceedings for thirty days to prepare statement on appeal.''

*James Donovan,* for Appellant.

To invalidate the policy on the ground that the building destroyed was not used as a greenhouse, it must appear that by not using it as a greenhouse the risk was changed, the hazard increased and hence the contract violated. (*Rafferty* v. *New Brunswick Ins. Co.,* 38 Am. Dec. 530; *Planters' Ins. Co.* v. *Sorrels,* 25 Am. Rep. 780; *Martin* v. *State Ins. Co.,* 43 Am. Rep. 397; May on Insurance, 3rd Ed. § 231.) Defendant's agent prepared the description found in the policy, hence if there is any uncertainty as to the identity of the property destroyed defendant is estopped from asserting any advantage against plaintiff. (May on Insurance, § 142; *Meadowcraft* v. *Standard Fire Ins. Co.,* 61 Pa. St. 91; *Sanders* v. *Cooper,* 115 N. Y. 279; 12 Am. St. Rep. 801; *Plumb* v. *Cattaraugus County Mut. Ins. Co.,* 18 N. Y. 392; 72 Am. Dec. 526.) Policy must be construed most strongly against the insurer. (May on Insurance, § 420; *Darrow* v. *Family Fund Society,* 15 Am. St. Rep. 430; *Renshaw* v. *Mo. Etc. Ins. Co.,* 23 Am. St. Rep. 904.) If it be doubtful what buildings are covered by the policy, the doubt will be resolved against the insurers and evidence admitted to resolve the doubt. (*Franklin Fire Insurance Co.* v. *Updegraff,* 43 Pa. St. 350; *Beatty* v. *Lycoming Ins. Co,,* 52 Pa. St. 456; May on Insurance § 420 a.) In the construction of policies of insurance the intent and meaning of the parties are to be

regarded more than the strict literal sense of the words. (*O' Connor* v. *Towns*, 1 Tex. 107; 48 Am. Dec. 465; 86 Am. Dec. 362; *West* v. *Citizens' Ins. Co.*, 22 Am. Rep. 294.) Acts and declarations of agent of insurance company at time of taking risks and renewing same are admissable in an action on insurance policy notwithstanding the rule concerning parol evidence affecting written contracts, for this rule must yield to the rule that the company cannot take advantage of the mistakes and omissions of the agents within the scope of their employment. (*Tesson* v. *Atlantic Mut. Ins. Co.*, 93 Am. Dec. 293; *Beal* v. *Park Fire Ins. Co.*, 16 Wis. 257, 82 Am. Dec. 719; *North American Ins. Co.* v. *Throop*, 7 Am. Rep. 638; *Continental Ins. Co.* v. *Kasey*, 18 Am. Rep. 681; *Com. Ins. Co.* v. *Ives*, 56 Ill. 402; May on Insurance, § 294 E.) As to measure of damages. (See May on Insurance, § 423 B *et seq.*; *State's Ins. Co.* v. *Taylor*, 14 Col. 499.) Promising payment after knowing of a cause of forfeiture is a waiver. (*Cotton States Ins. Co.* v. *Edwards*, 74 Ga. 220.)

*A. J. Shores*, for Respondent.

HUNT, J.—The appeal in this case is "from the order of nonsuit and judgment for costs." Respondent contends that an order for nonsuit is not appealable. But it is laid down in *Leese* v. *Sherwood*, 21 Cal. 152, that a dismissal of an action is in effect a final judgment in favor of the defendant. "It is a final decision of the action as against all claim made by it, although it may not be a final determination of the rights of the parties as they may be presented in some other action." See, also, *Zoller* v. *McDonald*, 23 Cal. 136, and *McLeran* v. *McNamara*, 55 Cal. 508. Hayne on New Trial and Appeal, page 559, in note 21, puts this *quære*: "Is not an order granting a nonsuit a final judgment? Such an order amounts to a dismissal of the action, and we have seen that a dismissal is a final judgment."

Here the court granted a motion for nonsuit, dismissed the suit, and ordered and adjudged that respondent recover its costs. This was a judgment. (Hayne on New Trial and Ap-

peal, page 555, and note.)   The only possible thing left to do was the entry of a more formal judgment by the clerk.  Surely, the effect of the ruling of the court was that of a final decision against plaintiff, and we think he could appeal from such an order, as a judgment.

Contracts of insurance ought to be construed to carry out the intention of the parties, as expressed or indicated by their language used.  (Beach on Insurance, § 546.)   Such contracts having for their object indemnity, the rule is that they are to be construed liberally to carry out such objects.   " No rule in the interpretation of a policy is more fully established, or more imperative and controlling, than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat without a plain necessity his claim to the indemnity, which in making the insurance was his object to insure."   (May on Insurance, § 175.)

It is also an established principle in the construction of fire insurance policies, as well as other contracts, that the words of the agreement are to be applied to the subject matter about which the parties are contracting at the time, the presumption being that such matter is in the minds of the parties at the time of their agreement.  (Wood on Fire Insurance, page 145.)

Bearing these principles in mind, was the action of the lower court in granting a nonsuit correct ?   The evidence tended to show that in April, 1892, Mr. Gibson, the defendant's agent, solicited insurance, from Russell, owner of the premises; that Russell told him that he intended to move the house he was then living in to the lots described in the policy, and would connect it with the greenhouse then being constructed on said lots described in the policy.   This building to be moved was a one-story house, with four rooms, attached to a greenhouse. The policy and description therein were made out by the agent, and were upon J. H. Russell's " one-story frame, shingle-roof building, and additions, while occupied as a dwelling and greenhouse, situated on lots Nos. 5, 6 and 7, block 24, on the —— side of —— avenue, and between —— street, and in

Boston and Great Falls Addition to —— street, Great Falls, Montana. Other concurrent insurance permitted. Permission granted to complete.''

After the dwelling· house was moved to the lots, Russell received his policy. The dwelling house was moved to one of the lots described in the policy, but was not connected with the greenhouse, which stood on the furthest of the three lots so described. The fire destroyed a one-story frame house, the same house that was removed from the place where it had stood when the agent solicited the insurance, but with additions thereto, which made it a nine instead of a four room house. The identity of the property described, whether the building burned was covered by the policy, was the main question. That was one of fact, and we think was erroneously decided. (*Southwest Lead & Zinc Co.* v. *Phœnix Ins. Co.*, 27 Mo. App. 446.) Parol evidence is admissible, not to vary or contradict the terms of the policy, but to explain it,—to get at its true meaning. (*Tesson* v. *Atlantic Mut. Ins. Co.*, 40 Mo. 33, 50 Mo. 112; Beach on Insurance, § 552.) "The general rule is that the construction of the policy of insurance is a question of law for the court to determine, and warranties as we shall see hereafter, must be strictly enforced, regardless of their materiality; but when the language employed to describe the thing warranted is not free from ambiguity, or when it is equivocal, and its interpretation depends upon the sense in which the words are used, in view of the subject to which they relate, the relation of the parties, and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact. Such a question is to be submitted to the jury under appropriate instructions.'' (Richards on Insurance, § 45.)

On a ruling upon a motion for a nonsuit, the law regards the issues proved which the evidence tends to prove. (*Soyer* v. *Water Co.*, 15 Mont. 1.)

In our opinion, the plaintiff made out a *prima facie* case of

the loss by fire of his one-story, frame, shingle-roof dwelling house, situated upon the lots, and described in the policy. It follows that the court ought not to have granted a nonsuit unless it appeared that defendant's additional ground of motion was well taken,—that the building destroyed by fire was never occupied as a greenhouse. But we do not think that, *prima facie*, the defendant is relieved from liability because the frame, shingle-roof building and additions were not occupied for the two purposes,—a dwelling house and a greenhouse. The evidence tends to prove that the agent and the insured understood that the frame house was for dwelling purposes, while the greenhouse was for its proper purposes, and that the policy was made out with that understanding. At least, there is nothing in the policy inconsistent with the evidence to that effect. Furthermore, upon the whole evidence in the record, the conduct of the company, by its agent Gibson, who was in Great Falls after the fire, tends to prove that the agent intended to insure the particular house destroyed. By expressly waiving formal proofs of loss after the fire, and saying that the defendant was ready to pay its loss, he seems to have identified the house destroyed as the house insured. Of course, if the hazard were increased by not connecting the house and greenhouse, and such increase were without defendant's consent, different questions would arise. But those matters are not now before us.

The plaintiff sought to introduce evidence of the value of the property destroyed, by asking for opinions of builders and others upon descriptions given. Much of this testimony was excluded. The rule laid down by the supreme court of Colorado appears to be just, and to be approved of by late authorities. It is this: "The measure of damages in an action for such a loss is the value at the time of the loss; and, to arrive at that, the original cost, the cost of a like building at the time of the trial, and the difference in value between the house burned and a new one by reason of age and use, are all proper subjects of inquiry." Judgment reversed, and cause remanded for new trial.

*Reversed.*

PEMBERTON, C. J., concurs. DE WITT, J., not sitting.