STATE ex rel. KING et el., Plaintiffs, *v.* SECOND JUDICIAL DISTRICT COURT et al., Defendants.

[No. 1536]

[Submitted June 21, 1900. Decided November 26, 1900.]

*Certiorari — Jurisdiction—Statutory Construction—Adequate Remedy—Appeal.*

1. *Certiorari* cannot be used for the purpose of correcting errors committed in the exercise of jurisdiction.
2. Where the court had jurisdiction of the subject-matter and of the parties, its action in refusing an injunction and dismissing the action cannot be reviewed by *certiorari,*

since the remedy can only be emp'oyed to determine whether a tribunal has exceeded its authority.

3. Under Code of Civil Procedure, Section 1941, if there is either an appeal, or a plain, speedy and adequate remedy, *certiorari* does not lie.

*Obiter:* Under Code of Civil Procedure, Sections 1962, 1981, *mandamus* and prohibition, respectively, may be granted when neither appeal nor other proceeding in the ordinary course of law affords a plain, speedy and adequate remedy.

*Certiorari* by the state, on the relation of Silas F. King and others, to the district court of the Second judicial district and the judges thereof.    Writ dismissed.

*Messrs. McBride & McBride*, and *Mr. E. N. Harwood*, for Plaintiffs.

The action of the court was erroneous and in excess of the jurisdiction of the court.    (Code of Civil Procedure, Sections 680, 685, 690, 691, 1004, First Ency. Pl. & Pr. p. 775, Note 5; *Wolsworth* v. *Johnson*, 41 Cal. 61 and 63; *Calaveras Co.* v. *Brockway*, 30 Cal. 325; *Collier* v. *Ervin*, 3 Mont. 142; *Ana. Min. Co.* v. *B. & B. M. Co.* 43 Pac. 924-925, S. C. 17 Mont. 519; *Baudry* v. *Fitch*, 47 Cal. 186; *Godey* v. *Godey*, 39 Cal. 137; *National Bank* v. *Printep*, 63 Ga. 570.)    Jurisdiction is the power to hear and determine and to render the particular judgment in the particular case.    (12th Enc. of Law, 247; *Windsor* v. *McVeigh*, 93 U. S. 274, 282, 283; *Ex parte Lange*, 18 Wall. 163; *Ex parte Paige*, 49 Mo. 290; *State ex parte Flynn* v. *District Court*, 60 Pac. 493.)

*Certiorari* is the proper remedy.    (Code of Civil Procedure, Sections 1940, 1941.    *State* v. *Evans*, 13 Mont. 239-245; *State ex rel. Ind. Pub. Co.* v. *Smith*, 58 Pac. 867-868; *State ex rel. Reins* v. *Judge of Carbon County*, 57 Pac. 89-91; *State ex rel. Bartlett,* v. *District Court*, 18 Mont. 481; *State ex rel. Simpson* v. *Votau*, 18 Mont. 279; *People ex rel. Field* v. *Turner*, 1 Cal. 156; *M. & C. R. Co.* v. *Brannum*, 96 Ala. 461; S. C. 11 So. Rep. 468.    Ency. of Pl. & Pr. Vol. 4, page 9.    *Citing Court* v. *Marion Machine Works*, 24 W. Va. 517; *Beasley v. Beckley*, 28 W. Va. 81.    Code of Civ. Proc. Part III, Title I, page 447; 14 Mont. 527, 48 Pac. 470; *Levy* v. *Superior Court*, 66 Cal. 293; *State ex rel. B. & M. Co.* v. *Second Judicial*

*District Court*, 22 Mont. 233-236) ''Spelling on Extraordinary Relief'' (Section 1730) refers to the Cal. decisions in *Havemeyer* v. *Superior Court*, 84 Cal. 327, 24 Pac. 121, and *Bruner* v. *Superior Court*, 28 Pac. 341, as establishing a doctrine that the adequacy of the remedy by appeal in any given case is an open question. The reasoning in *State ex rel. B. & M. Co.* v. *District Court*, above cited, is in line with the cases cited by relators on page 21 of their original brief. (*State* v. *Evans*, 13 Mont. 239-245; *State ex rel. Reins* v. *Judge of Carbon County*, 57 Pac. 89-91; *State ex rel. Bartlett* v. *District Court*, 18 Mont. 481; *State ex rel. Simpson* v. *Votau*, 18 Mont. 279; *People ex rel. Field* v. *Turner*, 1 Cal. 156; *M & C. R. Co.* v. *Brannum*, 96 Ala. 461, S. C. 11 So. Rep. 468.

*Mr. C. P. Drennen*, and *Messrs. McHatton & Cotter*, for Defendants.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

By the writ of *certiorari* the plaintiffs seek the judgment of this Court annulling orders of the district court of the county of Silver Bow dissolving a restraining order, dismissing an order to show cause why an injunction *pendente lite* should not issue, and refusing to issue such injunction, and dismissing the action without prejudice. These orders were made on the 14th day of March, 1900, in the case of King et al. against Maloney et al. then pending in the district court, and numbered 8,418. The complaint in the action was filed on the 15th day of February, 1900. With the summons an order temporarily restraining the defendants from committing certain alleged wrongs was issued, and also an order to show cause why an injunction pending the suit should not be granted. On the 19th day of February, 1900, the defendants therein filed in the district court a motion to set that order aside, to vacate the restraining order, and to enter an order refusing to grant the injunction prayed for, upon the grounds, among others, that there was another action, numbered 8,059, pending in the

same court, between the same parties, with reference to the same subject matter; and that in an action numbered 8,213 the plaintiffs had been adjudged not to be entitled, as against the defendants, to an injunction with respect to the subject-matter of action No. 8418. The defendants had been ordered to show cause on February 21st why a temporary injunction should not be issued against them, and upon that day the court received evidence, both written and oral, in support of and against the defendants' motion, but refused to hear evidence in respect of the allegations contained in the complaint. On the 14th day of March, 1900, the court ordered that the restraining order be dissolved, that the order to show cause be dismissed, denied the prayer for an injunction *pendente lite*, and dismissed the action without prejudice. In making these orders the court declared that it declined to entertain jurisdiction of the action, the learned judge assigning as the reason therefor that, under the evidence taken, the matters stated in the action should have been presented in action No. 8,059, or in action No. 8,213 which had been brought in the other department, presided over by another judge. These are the orders which the plaintiffs ask to have annulled on *certiorari.*

Counsel for the plaintiffs contend that in making the orders the district court exceeded its jurisdiction, and that the remedy by appeal is neither speedy nor adequate.

Under the Constitution and Statutes of Montana, the district court has jurisdiction of the class of actions to which belongs the one wherein the orders assailed were made,—it has jurisdiction of all actions of that kind. It had jurisdiction of the action,—that is to say, it possessed the power to hear and determine (or, it should seem, to hear without deciding, or to decide without a hearing) all questions presented in the cause, —and to make such orders and render such judgments therein as the law authorizes in the class of actions to which King *et al.* against Maloney *et al.* belongs; and this power necessarily included the power to decide wrongly as well as rightly, and to make an erroneous order or render an erroneous judgment as well as a correct one. It had jurisdiction of the subject-

matter of the action and of the parties thereto. Now, the writ of *certiorari* may be granted only when there has been an excess of jurisdiction, and the review upon the writ cannot extend further than to determine whether the tribunal, board or officer exercising judicial functions has regularly pursued its or his authority. The review must be confined to the inquiry whether the tribunal, board or officer has acted without jurisdiction. Such is the rule of the common law, the declaration of the statute and the doctrine of this Court. (*State ex rel. Baker* v. *Second Judicial Dist. Court,* 24 Mont. 330, 61 Pac. 309; *State ex rel. Buck* v. *Board of Com'rs of Ravalli Co.,* 21 Mont. 469, 54 Pac. 939; *State ex rel. B. & M. C. C. & S. Min. Co.* v. *Second Judicial Dist. Court,* 22 Mont. 241, 56 Pac. 281; *State ex rel. Murphy* v. *Judge of Second Judicial Dist. Court,* 10 Mont. 401, 25 Pac. 1053; *State ex rel. Beall* v. *Ellis,* 15 Mont. 224, 38 Pac. 1079.)

The district court, in an action pending before it of which it had jurisdiction, dissolved a temporary restraining order, dismissed an order to show cause why an injunction *pendente lite,* should not issue, refused to issue an injunction, and dismissed the action without prejudice. Each order was one which the court had authority to make, notwithstanding it may have been erroneous. It is manifest that the determination of the court with reference to the restraining order, the injunction order and the order to show cause was within the limits of its jurisdiction; and it is equally clear that in making the order dismissing the action the court did not exceed its jurisdiction. (*Buckley* v. *Superior Court,* 96 Cal. 119, 31 Pac. 8.) The question is not whether the orders were erroneous; the sole question is whether the court had jurisdiction to make them. *Certiorari* cannot be used for the purpose of correcting errors committed in the exercise of jurisdiction. Nothing in *State ex rel. Allen* v. *Napton,* 24 Mont. 450, 62 Pac. 686, is in conflict with the views here expressed.

Holding, as we do, that the court regularly pursued its authority in making the orders complained of, the question whether there is an appeal, or any plain, speedy and adequate

remedy, does not arise.    For convenience of reference, however, we cite, without comment, the following cases as bearing upon the appealable character of the orders dissolving the temporary restraining order and dismissing the action: *Dahler* v. *Steele,* 1 Mont. 206; *Murphy* v. *King et al.,* 6 Mont. 30, 9 Pac. 585; *Holter Lumber Co.* v. *Fireman's Fund Ins. Co.,* 18 Mont. 282, 45 Pac. 207; *Bennett Bros. Co.* v. *Congdon et al.,* 20 Mont. 208, 50 Pac. 556; and for like reference we have collated some of the many cases which hold that, where there is an appeal from the order or judgment, the writ does not lie: *Hayes* v. *First Judicial Dist. Court,* 11 Mont. 225, 28 Pac. 259; *In re Finkelstein,* 13 Mont. 425, 34 Pac. 847; *State ex rel. Nixon* v. *Second Judicial Dist. Court,* 14 Mont. 396, 40 Pac. 66; *In re Ming,* 15 Mont. 87, 38 Pac. 228; *State ex rel. Shing* v. *Lenahan,* 17 Mont. 518, 43 Pac. 712; *Southern California Ry. Co.* v. *Superior Court of San Diego Co.,* 127 Cal. 417, 59 Pac. 789.    In *State ex rel. Johnson* v. *Case,* 14 Mont. 520, 37 Pac. 95, in *State ex rel. Bartlett* v. *Second Judicial Dist. Court,* 18 Mont. 481–486, 46 Pac. 259, and in *State ex rel. Reins* v. *Sixth Judicial Dist. Court,* 22 Mont. 449, 57 Pac. 89, 145, this Court decided expressly in the first two cases, and impliedly in the last case, that the writ may properly be granted to annul acts in excess of jurisdiction, even where an appeal lies, if the remedy by appeal be not speedy and adequate.    These decisions seem to contravene the law as prescribed by Section 1941 of the Code of Civil procedure, by the terms whereof three things are indispensable requisites to the granting of the writ:    (1) Excess of jurisdiction; (2) absence of the right to appeal from the act, order or judgment assailed as done or made without jurisdiction; (3) lack of a plain, speedy and adequate remedy other than *certiorari*.    These must co-exist.    If there is either an appeal, or a plain, speedy and adequate remedy, *certiorari* does not lie; if the order or judgment is not appealable, but there is any plain, speedy, and adequate remedy other than *certiorari*, the writ does not lie; the remedy by appeal need not be speedy or adequate.    In the three cases last cited this

court seems to have understood the provision of Section 1941 that the writ "may be granted * * * when * * * there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy," as meaning that the remedy by appeal must be speedy and adequate. But there is no such limitation or qualification. The misapprehension was doubtless caused by confusing the provisions of Sections 1962 and 1981 of the Code of Civil Procedure touching *mandamus* and prohibition, respectively, with the provision of Section 1941, quoted. These Sections prescribe that the writ of *mandamus* must, and the writ of prohibition may, be issued "in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law," omitting specific reference to appeal; under these sections the writs therein named may be granted when neither appeal nor other proceeding in the ordinary course of law affords a plain, speedy, and adequate remedy. This is a digression; but since the point discussed was argued by counsel, we deem it not improper to state our views, to the end that Section 1941, *supra*, may be correctly interpreted, and the erroneous interpretation announced or followed in the three cases last cited disapproved. This opinion is not to be understood as questioning the conclusions reached upon the merits in these cases, nor in *State ex rel. Kenyon*, v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536. The decisions are overruled only in so far as they hold that the writ of *certiorari* lies when there is an appeal, but no plain, speedy, and adequate remedy.

On the hearing the defendants moved that the writ be quashed, and the proceeding dismissed, for the reason that the affidavit does not state facts sufficient to warrant the granting of the writ. The motion and the cause were submitted and taken under advisement at the same time. The motion to quash must be sustained, and the proceeding dismissed, at the cost of the plaintiffs. Judgment will be entered accordingly.

*Dismissed.*

Mr. Justice Word, being absent, takes no part in this decision.