STATE EX REL. BEADLE ET AL., RESPONDENTS, *v.* SMITH, JUSTICE OF THE PEACE, APPELLANT.

(No. 2,923.)

(Submitted December 22, 1910.   Decided January 16, 1911.)

[113 Pac. 294.]

*Justices' Courts—Appearance—Waiver of Summons—Jurisdiction—Certiorari—When Improper Remedy.*

Justices' Courts—Appearance—Waiver of Summons.
    1. By joining with his codefendant in a motion to dismiss an action against them, in a justice's court, a party waived service of summons and appeared for all purposes.

*Certiorari*—Appeal.
  2.  Where the remedy by appeal is available, *certiorari* does not lie.
Justices' Courts—Jurisdiction—*Certiorari*—Where Improper· Remedy.
  3.  After a justice of the peace had entered an order dismissing an
  action for nonappearance of plaintiff, he subsequently on motion of
  plaintiff vacated the judgment of dismissal.  Defendants suffered judg-
  ment by default to be rendered against them and then applied to the
  district court for a writ of review looking to the annulment of the
  judgment for want of jurisdiction in the justice at the time it was
  rendered.  The judgment was annulled.  *Held*, that the court erred,
  inasmuch as the propriety of the action of the justice in setting aside
  the order of dismissal could have been reviewed on appeal, and that
  therefore *certiorari* did not lie.

*Appeal from District Court, Gallatin County; W. R. C. Stew-
art, Judge.*

Writ of Review by the state, on the relation of J. W. Beadle
and another, against the Justice Court of Township No. 1 of
Gallatin County, W. Y. Smith, Justice of the Peace.  From a
judgment for relators, defendant appeals.  Reversed.

*Mr. J. L. Staats* submitted a brief in behalf of Appellant,
and argued the cause orally.

No appearance in behalf of Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

On December 9, 1909, Daniel Marshall brought his action
before W. Y. Smith, a justice of the peace for Township 1 in
Gallatin county, against J. W. Beadle and J. K. Bailey, to
recover the sum of $299.50, alleged to be due as a balance on
account.  Summons was issued at once, but the defendants
could not be found.  An attachment was also issued and levied
upon property belonging to defendant Beadle.  An *alias* sum-
mons was afterward, on March 7,, 1910, served on Beadle, re-
turnable on March 17 at 10 o'clock A. M.  Bailey was not
served.  At the time fixed for appearance on March 17, the
justice postponed the time for defendants to answer to 3 o'clock
in the afternoon, because he was engaged in the trial of another
case.  Immediately following the order of postponement the

docket of the justice recites the following: "The time for an-
swering being 10 A. M., and plaintiff not appearing within one
hour thereafter, defendants made motion to dismiss case. At
this time the above case is dismissed without prejudice, and the
attachment is dissolved. The plaintiff appeared in court at
3:30 P. M. this day." On the following day the plaintiff filed
a motion to vacate the judgment of dismissal. The justice
shortened the time for notice to defendants and set the hearing
on the motion for March 19 at 10 o'clock A. M. Defendants
appeared by attorney "specially for argument on this issue."
Decision of the motion was taken under advisement until March
21 at 4 o'clock P. M. At the hour appointed the justice sus-
tained the motion. Thereupon, on motion of counsel for plain-
tiff, defendants not being present either in person or by counsel,
the justice, having heard plaintiff's evidence, rendered judg-
ment against the defendants on default, for the amount claimed
in the complaint. On March 26 the defendants applied to the
district court of Gallatin county for a writ of review to annul
the judgment as void, because at the time it was rendered the
justice had lost jurisdiction of the case. A hearing upon the
return of the justice resulted in a judgment annulling the judg-
ment of the justice, and the defendant has appealed.

The order of postponement by the justice purports to have
been made for the benefit of the defendants. The question
whether the justice acquired jurisdiction over the person of
Bailey, by his appearance at the time this action was taken, is
unimportant. By joining with Beadle in the motion to dismiss
the action, he waived service of summons and appeared for all
purposes. (Revised Codes, sec. 6995; *State ex rel. Mackey* v.
*District Court*, 40 Mont. 359, 135 Am. St. Rep. 622, 106 Pac.
1098.)

It cannot be ascertained definitely from the recitals of the
justice's docket whether the motion to dismiss was made and
decided at 3 o'clock in the afternoon of the 17th, or at some
hour prior to that time. And as the postponement of the time
to answer was made to 3 o'clock, we are at liberty to presume

that the motion was made and decided at that time. The justice of necessity had the power to postpone the case as he did. (Revised Codes, sec. 7034.) This section refers specifically to a postponement of the trial; that is, the trial on the merits after issue has been reached and a definite time has been fixed for it as provided in section 7004; yet the necessity for a postponement in the one case is as cogent as in the other. The orderly conduct of the business before him in the exigency provided for, requires the justice to postpone all proceedings in other cases until the one in hand has been disposed of. The order postponed, not the trial, but the time for answer until 3 o'clock P. M. This necessarily postponed the .beginning of the hour during which the defendants must await the appearance of the plaintiff before they could demand a dismissal of the action. (Revised Codes, sec. 7047.) It may be that the plaintiff was entitled to notice of the postponement, but whether he was or not it is not important to inquire here. He did appear within the hour and was entitled to have the order of dismissal, erroneously entered against him, set aside. The justice was not without power to grant him this relief. The defendants appeared by counsel to resist the motion and had notice of the time appointed to determine it. Having absented themselves at the time at which it was determined, and failed to tender or make a defense after the order was set aside, they had no cause for complaint. In any event, Beadle and Bailey had the right of appeal to the district court, whereupon the propriety of the action of the justice in setting aside the order of dismissal could be reviewed. (Revised Codes, secs. 7121, 7122.) Therefore *certiorari* did not lie. (*State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820; *State ex rel. Grissom* v. *District Court,* 31 Mont. 258, 78 Pac. 498.) The result is that the judgment of the district court is reversed.

*Reversed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.