STATE EX REL. McGRATH, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 6,331.)

(Submitted May 7, 1928. Decided May 29, 1928.)

[267 Pac. 803.]

*Certiorari—Writ Does not Lie Where There is an Appeal— Appealable Orders.*

Divorce — Appeal Lies from Order Requiring Payment of Alimony *Pendente Lite.*
1. An order requiring the payment of alimony *pendente lite* is one from which an appeal lies.
Certiorari—Writ Does not Lie Where Appeal Available.
2. The writ of certiorari may not be granted where the party aggrieved has an appeal, even though the remedy by appeal may not be speedy or adequate; hence the writ was not available to defendant in a divorce proceeding to have an order for the payment of alimony *pendente lite* reviewed. (See par. 1 above.)
Same—Injunction Order Appealable—Writ may not Issue.
3. An order restraining defendant in a divorce proceeding from interfering with the plaintiff in the matter of her supervision of

---

1. Order granting or refusing temporary alimony as appealable, see note in 21 **Ann.** Cas. 600. See, also, 1 **Cal.** Jur. 967; 1 **R.** C. L. 893.
2. Existence of remedy by appeal as bar to certiorari, see note in 40 **Am.** St. Rep. 30. See, also, 4 **Cal.** Jur. 1052; 5 **R.** C. L. 256.

an apartment house, the property of defendant, the furniture in which, however, belonged to plaintiff, and collecting the rents during the pendency of the action, was an injunction from which an appeal lay, and therefore certiorari did not lie to have it set aside.

---

[1–3]    Appeal and Error, 3 **C. J.**, sec. 403, p. 563, n. 16.    Certiorari, 11 **C. J.**, sec. 57, p. 113, n. ·78; sec. 58, p. 116, n. 90.    Divorce, 19 **C. J.**, sec. 757, p. 325, n. 16½.

Original application for certiorari by the State, on relation of William F. McGrath, against the District Court of the Second Judicial District in and for the County of Silver Bow. Motion to quash writ granted and proceeding dismissed.

*Mr. Timothy F. Nolan,* for Relator, submitted a brief and argued the cause orally.

*Mr. James H. Baldwin,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Certiorari by the state, on relation of William F. McGrath, to the district court of the second judicial district. Writ dismissed.

By writ of certiorari relator seeks the judgment of this court annulling an order of the district court of Silver Bow county, made January 21, 1928, restraining relator, as defendant in a divorce proceeding, from interfering with plaintiff's supervision of a certain apartment house, of which it is alleged defendant is the owner, although plaintiff is the owner of the furniture and rents the apartments furnished, and an order made April 17, 1928, denying relator's motion to set aside the order of January 21.

On the showing made in relator's application, a writ of review was issued out of this court on April 26, 1928, commanding the respondent court to cause to be certified to this court a transcript of the record and proceedings in the matter. The return was duly made, and the transcript is before us.

From the complaint in the divorce matter it appears that the plaintiff in that action agreed that, if left to manage the apartment house and collect the rents, she would waive all claim for alimony *pendente lite,* and, after a hearing at which testimony was taken, the court made the order restraining relator from interfering with his wife's management of the property and excluding him therefrom pending the final determination of the action. He later moved to vacate the order, which motion was overruled. No appeal was taken from either order.

Relator's position is that the first order was an order granting alimony *pendente lite* contrary to law, and that both orders were made in excess of jurisdiction; that there is no appeal from either order, and relator has no plain, speedy and adequate remedy at law. In support of his contention that the writ of review is available, counsel for relator cites *State ex rel. Wooten* v. *District Court,* 57 Mont. 517, 9 A. L. R. 1212, 189 Pac. 233.

Respondent has moved to quash the writ upon the theory that the order of January 21 is an injunction, and the order of April 17 an order refusing to dissolve an injunction, from each of which orders an appeal lies under the provisions of section 9731, Revised Codes.

It is immaterial which theory advanced is correct; relator's position is no better under his theory than under that of the respondent.

An order to pay alimony *pendente lite* is one from which an [1–3] appeal lies. (*In re Finkelstein,* 13 Mont. 425, 34 Pac. 817; *State ex rel. Nixon* v. *District Court,* 14 Mont. 396, 40 Pac. 66; *Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; *State ex rel. Wooten* v. *District Court,* above.)

It is true that, in the *Wooten Case,* we held that such an appeal is neither an adequate nor a speedy remedy, and therefore the writ issued in that case was proper; but the writ there considered was one of prohibition issued under the provisions of section 7228, Revised Codes of 1907, now section

9862, Revised Codes of 1921, which provides for its issuance "in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law," and what was there said has no application to the case at bar, as the writ of review may be granted only in cases where jurisdiction has been exceeded "and there is no appeal, nor * * * any plain, speedy and adequate remedy." (Sec. 9837, Revised Codes 1921.)

It will be noted, under section 7228, above, it is immaterial whether the right of appeal exists if it is not speedy and adequate, while under section 9837, above, the two provisions are in the alternative, and it is therefore immaterial whether an appeal affords an adequate and speedy remedy or not; if in fact the right of appeal exists, it bars resort to the writ of certiorari. (*State ex rel. King* v. *District Court*, 24 Mont. 494, 62 Pac. 820; *State ex rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498; *State ex rel. Beadle* v. *Smith*, 42 Mont. 492, 133 Pac. 294; *State ex rel. Deck* v. *District Court*, 64 Mont. 110, 207 Pac. 1004.)

As the order of January 21, 1928, if considered as an order for the payment of alimony *pendente lite,* was an appealable order, certiorari does not lie. That order, however, was in fact an injunction *pendente lite,* as it but restrained relator from interfering with the plaintiff in the divorce action in her supervision of the property described, and incidentally restrained relator from collecting the rents falling due during that indefinite period. (*Labbitt* v. *Bunston*, 80 Mont. 293, 260 Pac. 727.) So construed, that order, as well as the order made April 17, 1928, was appealable, and the right of appeal bars relief, under the statute, in this special proceeding.

The motion to quash the writ is granted and the writ dismissed.

*Dismissed.*


Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Galen concur.