RINGLING, Respondent, *v.* BIERING et al., Appellants.

(No. 6,292.)

(Submitted June 7, 1928.  Decided July 20, 1928.  Resubmitted November 21, 1928.  Decided December 14, 1928.)

[272 Pac. 688.]

Messrs. *Walker & Walker, Mr. Ernest A. Peterson, Mr. Franklin D. Tanner* and *Mr. C. S. Wagner,* for Appellants, submitted an original and a supplemental brief; *Mr. Tanner* and *Mr. Wagner* argued the cause orally.

*Mr. D. M. Kelly, Mr. Hubert D. Bath* and *Mr. John V. Dwyer,* for Respondent, submitted an original and a supplemental brief; *Mr. Dwyer* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On motion for a rehearing the original opinion herein is withdrawn and this one rendered and filed in substitution.

This is an action in equity, instituted by the plaintiff on November 7, 1925, to obtain a decree permitting him to offset a judgment which is entered against him in the sum of $323,722.90, together with accrued interest and costs (*Biering* v. *Ringling,* 74 Mont. 176, 240 Pac. 829), with promissory notes executed by the defendants Biering and Cunningham jointly and severally to the Elling Estate Company and the Elling State Bank, for the aggregate amount of $233,612.10, together with interest accrued, alleged to be held and owned by the plaintiff, and to stay the issuance of execution on the judgment until a final determination by the court of the plaintiff's right to so offset the judgment.

During the pendency of the action this court rendered a decision on an appeal in an action for damages for alleged breach of contract, instituted by Biering and Cunningham against Ringling (78 Mont. 145, 252 Pac. 872), in consequence whereof, on April 27, 1927, by leave of court, the defendants Biering and Cunningham filed an amended answer to the complaint admitting the execution of the promissory notes, but affirmatively alleging their settlement and discharge upon an account stated with the payees therein named, with full knowledge, understanding and consent to the transaction by the plaintiff before he became possessed of the notes; and together therewith, made cross-complaint, wherein it is alleged that they desire and demand relief against the plaintiff upon matters relating to and depending upon the same transactions upon which the plaintiff's action is brought, affecting the promissory notes referred to in plaintiff's complaint, upon a claim existing and matured for action in favor of the defendants before, and at the time, the complaint of the plaintiff was filed. Affirmatively, the defendants prayed for the cancellation of the notes mentioned in the complaint, and for judgment against the plaintiff for damages for breach of contract in the sum of $100,000. On May 16, 1927, the plaintiff moved the court to strike the affirmative defenses pleaded in the answer and all of the cross-complaint as sham, irrelevant and redundant. Subsequently, on September 22, 1927, such motion was sustained. Thereafter, no further movement in the action having been taken by the plaintiff or by the defendants, on February 3, 1928, the defendants, without notice to the plaintiff, procured the entry of a judgment in the plaintiff's favor "upon the merits," dismissing the cross-complaint. The affirmative defenses pleaded in the answer and all of the cross-complaint were by the court's order stricken, thus leaving nothing further to be done in the action than the submission of proof by the plaintiff in support of his complaint and the entry of judgment. The affirmative defenses and the cross-complaint were removed from the

case, and thereafter the plaintiff's action remained still pending, and a final determination of the plaintiff's case has not been made to this date. The only judgment entered in the action is one dismissing the defendants' cross-complaint, and the defendants have attempted to prosecute this appeal therefrom. At the outset they are confronted by a motion made by the plaintiff to dismiss the appeal on the ground that the judgment or order made by the court is not appealable. The affirmative allegations of the answer and of the cross-complaint are voluminous and no useful purpose will be served by here reviewing them at length.

Was the judgment entered such as may be reviewed upon appeal?

Upon re-argument of this case, and after again carefully reviewing the authorities, we now feel that the construction given the statute in the original opinion is not justified. The question is most important as one of practice in the instant case, but more so as a precedent. We are without authority to legislate, and are powerless to confer a right of appeal independent of special legislative authorization. Accordingly, we are constrained to recede from our former conclusions reached on this appeal.

Our Constitution authorizes appeals to this court from district courts "under such regulations and limitations as may be prescribed by law" (secs. 2, 3 and 15 of Article VIII), and by law, an appeal "from a final judgment entered in an action" is expressly authorized. (Sec. 9731, Rev. Codes 1921.) However, a judgment in a civil action may be reviewed on appeal as by the statute permitted, "and not otherwise" (Id. 9729), and "upon an appeal from a judgment the court may review the verdict or decision, *and any intermediate order or decision excepted to, which involves the merits,* except a decision or order from which an appeal might have been taken." (Id. 9750.) The right of appeal is purely statutory; it did not exist at common law, and unless the judgment appealed from falls fairly within the classification made by

the law the appeal will not lie. (*Holter Lumber Co.* v. *F. F. Insurance Co.*, 18 Mont. 282, 45 Pac. 207; *Estate of Tuohy*, 23 Mont. 305, 58 Pac. 722; *State ex rel. Jackson* v. *Kennie*, 24 Mont. 45, 60 Pac. 589; *Taintor* v. *St. John*, 50 Mont. 358, 146 Pac. 939; *State Bank of New Salem* v. *Schultze*, 63 Mont. 410, 209 Pac. 599; *In re McLure's Estate*, 76 Mont. 476, 248 Pac. 362; *In re Thompson*, 77 Mont. 466, 251 Pac. 163; *Kline* v. *Murray*, 79 Mont. 530, 257 Pac. 465.) The defendants concede this to be the law, but contend that the judgment from which they have attempted to appeal is *a final judgment* within the purview of the statute. A final judgment is defined as "the final determination of the rights of the parties in an action or proceeding." (Sec. 9313, Rev. Codes 1921.) Accordingly, if the judgment entered in this case is not final within the purview of this statutory definition, it is manifest that the plaintiff's motion is meritorious and must be sustained.

Our system of procedure contemplates but one final judgment in an action, and in the absence of a clear showing that an intermediate order was intended as finally disposing of the action or a particular part thereof, it will not be presumed that the court would attempt to dispose of a case piecemeal by successive final judgments, each covering a part of the matters in controversy. (*Doudell* v. *Shoo*, 159 Cal. 448, 114 Pac. 579; *Los Angeles Auto Tractor Co.* v. *Superior Court* (Cal. App.), 271 Pac. 363; *Arnold* v. *Sinclair*, 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340; *Fleece* v. *Russel*, 13 Ill. 32; *Low* v. *Crown Point Min. Co.*, 2 Nev. 75.) Construing subdivision 1 of section 9731 of the Revised Codes of 1921, Mr. Chief Justice Brantly, speaking for this court said: "It will be noticed that the language of the first subdivision is 'from *a* final judgment in an action or proceeding,' and not 'from *the* final judgment,' etc. 'A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from *a* final judgment, not

from *the* final judgment in an action.' (*Sharon* v. *Sharon,* 67 Cal. 185, 7 Pac. 456, 635, 8 Pac. 709.)'' (*State ex rel. Heinze* v. *District Court,* 28 Mont. 227, 72 Pac. 613; see, also, *In re Finkelstein,* 13 Mont. 425, 34 Pac. 847; *State ex rel. Nixon* v. *District Court,* 14 Mont. 396, 40 Pac. 66; *Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; *Kline* v. *Murray,* 79 Mont. 530, 257 Pac. 465; *Howe* v. *Key System Transit Co.,* 198 Cal. 525, 246 Pac. 39.) The language above quoted was used upon consideration of an order made in an action awarding compensation and counsel fees to a receiver, and the construction there placed upon the language employed in the statute is in entire accord with our present views as applied to judgments of the character there considered, and those entered in the other cases cited above.

Intermediate judgments in an action requiring the payment of alimony *pendente lite,* or the payment from funds impounded in receivership in the action, by one party to another of receivership costs, or dismissing a party to the action, are quite different from orders made relating to the sufficiency of the pleadings in the action. Clearly those in the first category constitute final judgments as to matters in the action thereby determined, whereas the latter, affecting merely the pleadings, are necessarily interlocutory,—made in progress of a determination of the issues to be finally considered in rendering a final judgment in the action. Under ▆▆ like statutes, the authorities seem to be in accord, that for the purpose of an appeal a judgment in an action will be considered as final only when it terminates the litigation between the parties, leaving nothing to be done other than its enforcement; the exceptions being in cases (1) where an adjudication is made requiring the payment of money by one party to another in the action, or as a charge against one of the parties; (2) or from funds impounded in the action; or (3) definitely determining the rights of a litigant in the action as against other separate parties thereto. In the first instance mentioned the determination is final as to that

which is decreed and it is enforceable by execution or contempt proceedings; in the second instance the *corpus* is affected; and in the last, the judgment finally disposes of a right asserted by one litigant against others, leaving the main action to proceed.

Whether a judgment is final or not is sometimes difficult of determination. "In drawing the distinction between final and interlocutory adjudications, the greatest difficulty has been experienced in the case of decrees in equity; the confusion arising principally from the peculiar nature of the decisions, and the wide range of means which chancery possesses both for informing the mind of the judge and for acting upon the parties concerned." (Black on Judgments, 2d ed., sec. 41; *Arnold* v. *Sinclair*, 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340.) However, "the definitions, or rather descriptions of a final decree, agree in the main idea, which is: That to be final, the decree must dispose of the merits of the whole cause, or completely and finally dispose of some branch or part of the cause which is separate and distinct from the other parts of the case." (*Evans* v. *Dunn & Witt*, 26 Ohio St. 439.) In order to be final, the decree must dispose of the cause, or a distinct and definite branch thereof, reserving no further questions or directions for future determination. It must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose, without further action by the court, or by process of contempt. (*Bondurant* v. *Apperson*, 4 Met. (Ky.) 30.) The rule deducible from the authorities is, that a judgment will never be considered as final unless the party in whose favor it is rendered obtains benefit therefrom without the necessity of further proceedings in the action.

Accordingly, a judgment denying to a defendant the relief by him demanded in a cross-complaint is not a final judgment. (*Stockton etc. Works* v. *Hartford Fire Ins. Co.*, 98 Cal. 557, 33 Pac. 633; *Fleece* v. *Russel*, supra.) "There

can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy. (Elliott, App. Proc., secs. 90, 91; *Western Union Tel. Co.* v. *Locke,* 107 Ind. 9, 7 N. E. 579.)'' (*Stockton etc. Works* v. *Hartford Fire Ins. Co.,* supra; see, also, *Howe* v. *Key System Transit Co.,* supra.) It is manifest that there cannot be two judgments, each finally disposing of the action. (*State ex rel. Montana C. Ry. Co.* v. *District Court,* 32 Mont. 37, 79 Pac. 546.)

In Freeman on Judgments it is said: "Sometimes several issues of law and of facts are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to determine some issues of law or fact." (Sec. 26, p. 43, 4th ed.) And that learned author further states that "there cannot be a final judgment upon a defendant's cross-complaint, and later in the same action a final judgment disposing of other issues." (Sec. 26, p. 45.)

A counterclaim is merely a pleading on behalf of the defendants in an action and differs little, as between the plaintiff and the defendant named in the action, from a cross-complaint. And before the enactment of our statute (sec. 9151 Rev. Codes 1921), authorizing the filing of cross-complaints (in the year 1919), no one would have seriously argued that an order striking out a counterclaim constituted a final judgment. No one would ever be heard to seriously urge that the portion of the order striking out the affirmative defenses pleaded by the defendants in their answer constituted a final judgment in the action; and in our opinion, the defendants' cross-complaint, made a part of the answer, is not properly placed in any different category. The order in this case was made merely in settlement of the pleadings, and was intermediate rather than final.

In the most recent decision of this court dealing with the subject (July 12, 1928), it was held on an appeal from an order of the district court refusing to grant an injunction *pendente lite* (an appealable order) that as to matters of pleading and practice "they can be reviewed upon appeal from a final judgment in the case, when one shall have been rendered and entered, but they have no place in this appeal. So it is with numerous rulings of the trial court * * * such as striking out much of her separate amended answer and cross-complaint, * * * and other rulings upon matters of pleading and practice or upon questions of law raised. They may be reviewed upon appeal from final judgment. (Sec. 9750, Rev. Codes 1921.) That will be the time and place of settling them; not here." (*National Bank of Montana* v. *Bingham*, 83 Mont. 21, 269 Pac. 162.)

This appeal is clearly distinguishable from the recent California case of *Howe* v. *Key System Transit Co.*, supra. In that case a defendant in the action attempted by cross-complaint to place responsibility upon and recover damages from another co-defendant. The plaintiff moved to strike the cross-complaint from the files, which motion was sustained. Such action was properly held to constitute a final judgment as between such defendant and his co-defendant. That this is correct is apparent; the judgment was final as between the defendant and his co-defendant, holding as it did that the defendant could not recover damages in the action against his co-defendant. It was final as between the defendant against whom the cross-complaint was directed and the defendant who filed it. It constituted a final judgment in the action though not the last judgment to be entered. Such a judgment is within the class of exceptions above noted.

Upon further earnest study and consideration of the law, we have come to the conclusion that an appeal does not lie in this case in its present status, that the judgment entered dismissing the defendants' cross-complaint is interlocutory

rather than final. No such final judgment was entered in the action as warrants an appeal from the judgment under the terms of the statute. This action is single as to the plaintiff's alleged rights, and until they are determined there is no finality in it, no matter how many intermediate orders or judgments may be entered. We do not overlook the fact that appeals are expressly authorized to be taken from certain intermediate decisions and orders (sec. 9731, Rev. Codes 1921), but the judgment complained of is not of the kind enumerated in the statute.

Here it is plain that the plaintiff has not as yet secured, or been denied, the relief sought by him in the action; the proceedings are still pending on the plaintiff's complaint, undisposed of, in the district court.

For the reasons stated, the motion to dismiss the appeal is sustained.

*Dismissed.*

HONORABLE EDGAR J. BAKER, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.