## PICKERING v. WEITING.

1. **Administrator**: WITH GENERAL POWERS: JURISDICTION. Where a person dies testate, naming an executor in the will, the court has not jurisdiction to appoint a general administrator to precede the executor in the settlement of the estate.

2. ———: ———: ———. Where under such circumstances an administrator is appointed, the petition asking for the appointment of a special administrator, he will be presumed to be such an one, notwithstanding the letters purport to confer general powers.

3. ———: STATUTE OF LIMITATIONS. The statute of limitations does not commence to run after notice, if any shall be given, by the special administrator, such administrator not being authorized to allow claims and any notice given by him being supererogatory.

*Appeal from Tama Circuit Court.*

THURSDAY, DECEMBER 6.

THE plaintiff is the holder of a promissory note made by one Hiram Bates, now deceased. The note was filed as a claim

against the estate September 30, 1875. One N. Fisher had been appointed by the Circuit Court of Tama county administrator of the estate, and had given notice of his appointment by publication commencing September 24, 1874, being more than a year prior to the filing of plaintiff's claim. At the time of his appointment, however, a will of the said Hiram Bates had been filed in the office of the clerk of the said Circuit Court, in which one Hall was named as executor. The will was afterwards duly probated and said Hall was confirmed as executor, but declining to act, the defendant, Weiting, was appointed executor. This appointment was made on the 29th of May, 1875, being less than six months before the plaintiff's claim was filed. The defendant pleaded the statute of limitations. Judgment for defendant. Plaintiff appeals.

*C. C. Cole, T. Brown* and *R. E. Sears*, for appellant.

*Struble & Goodrich* and *Bailey & Austin*, for appellee.

ADAMS, J.—Upon the bill of exceptions in this case there was an agreement indorsed by the appellee's attorneys in these words: "The foregoing seems to be a correct bill of exceptions, and we agree that it is." The bill was not signed by the judge, and the appellee now moves to strike it out. It is unnecessary to pass upon the motion, because, with the view which we have taken of the case, it may be determined upon the facts as above set forth, and the counsel for the appellee in their brief state that these facts are conceded by both parties.

The question presented is as to whether the Circuit Court has jurisdiction to appoint a general administrator where a will of the decedent has been filed in his office naming an executor, and, if not, whether the statute in such case would begin to run against a creditor from the giving of notice by a person to whom letters as general administrator had been issued.

1. ADMINISTRATOR: with general powers: jurisdiction.

Where a person dies testate, and no executor is named in the will, one or more may be appointed to carry it into effect. Code, § 2332. It is implied in the above that if an executor is named in the will such person (if he will accept the charge)

shall administer upon the estate. When from any cause general administration cannot be immediately granted, one or more special administrators may be appointed to collect and preserve the property of the deceased. The appellant claims that where the deceased died testate, having named an executor, that is a cause for not granting general administration prior to the probating of the will. The statute does not purport to point out the causes which may be deemed sufficient for appointing a special administrator. Where no executor is appointed by will, administration must be granted: 1st, to the wife of the deceased; 2d, to the next of kin, and 3d, to his creditor, and each of the classes in succession has twenty days in which to make application. It is evident that a delay of sixty days might occur before general administration could be granted. In the mean time the court might in its discretion appoint an administrator, but, whatever he might be called in the order of appointment, he could properly exercise only the powers conferred by statute. To allow him to audit claims against the estate and exercise general powers would frustrate the very design of the provision which specifies the different classes entitled to administration and the order in which they are entitled to it.

We are of the opinion that, as the person named as executor in a will is entitled to administration, it is not contemplated that a person with general powers of administration shall be appointed to precede him. Where a person is named as executor in a will, it is to be presumed that in the judgment of the testator he possesses a special fitness for the discharge of the trust. Indeed, the very reason that he is named at all must be because the testator desired that he should administer rather than any one else. Yet, if an administrator with general powers can be appointed to precede him, and the probating of the will delayed by such obstacles as ingenious and interested persons might interpose, the estate might be fully administered upon by a person who was not the testator's choice.

The fact that the statute makes no provision for the appointment of an administrator with general powers to precede the person named in the will, but does provide for the appoint-

ment ·of an administrator with limited powers, is sufficiently indicative of the legislative intent.. Besides, if a general administrator is to be appointed, in such case to whom should administration be granted? Should it be granted to some person of the different classes named and in the order named? There is no statute so providing in such case. Should, then, the classes be ignored? If there is any reason for the provision respecting the different classes entitled to administration · in the one case, there is in the other. The natural inference is, that as the statute has provided specifically as to who may apply for administration, and in what order in case of intestacy, and has not provided in case of testacy, no general administrator is to be appointed to precede the administrator named in the will.

It is urged by the appellee that the appointment of an administrator cannot be collaterally attacked, and several authorities are cited in support of this proposition. In this case, however, the plaintiff does not attack the defendant's appointment. He merely insists that he had only the powers of a special administrator. And this we think it is proper for him to do. The letters issued, it is true, purport to confer general powers; the order of appointment does not. By it Fisher was simply appointed administrator. If, under the law, as we hold, only a special administrator could ·be appointed, the order should not be construed as conferring general powers in the absence of words to that effect, and especially as the petition for his appointment expressly asks that he be appointed special administrator. The order may be regarded as following the petition in the absence of language inconsistent therewith. Whether, if the order upon its face expressly conferred general powers, some direct proceeding would be necessary to modify it before it could be regarded under the law as conferring only special powers, we need not determine. In this case the order merely lacks explicitness. But· construing·it as following the petition, and conforming to the law, Fisher was appointed special administrator. The letters afterward issued could not enlarge his powers. The appointment is the act of the court; the issuance of letters is

the act of the clerk. It is true that in vacation the clerk may appoint, but the approval of the court is necessary at the next term, or the appointment becomes invalid; the doings of the administrator in the meantime, from the necessity of the case, being regarded as valid, but the appointment failing without the court's approval, we have a clear indication that by the approval it is to be considered as made substantially by the court. The clerk must issue letters to the administrator upon his filing his bond. Code, § 2365. As to what they shall contain the Code is silent, except that in them is to be given the "power authorized by law." In this case the power authorized by law was that of special administrator. Whatever power the clerk undertook to give in excess of that authorized, we think may be disregarded. A direct proceeding is necessary only where the action of the court is impugned.

Having come to the conclusion that Fisher was special administrator, notwithstanding the language of his letters, and *3.——:statute of limitations.* that his real character may properly be insisted on in this case, we have only to consider whether the statute of limitations commenced to run against creditors of the estate from the time of the giving of notice by him. It is the duty of a special administrator to collect and preserve the property. He can take no steps in relation to the allowance of claims. Code, § 2360. From this we infer that he does not represent the estate in relation to claims against it, and if so the statute of limitations does not commence to run against creditors until the general administrator is appointed, and notice of his appointment is given. This view receives support from section 2366 of the Code, which is in these words: "The executors or administrators first appointed and qualified for the settlement of an estate shall, within ten days after the receipt of their letters, give notice," etc. From the above we infer that special administrators need not give notice. If, then, they do give notice, it is supererogatory, and being such it should not have the effect to cause the statute to begin to run.

REVERSED.