ALLPORT, RESPONDENT, *v.* HELENA, BOULDER VAL-
LEY AND BUTTE RAILROAD COMPANY, APPEL-
LANT.

[Submitted March 31, 1892. Decided May 23, 1892.]

JURISDICTION — *Eminent domain* — *Assessment of damages* — *Venue.* — Where com-
    missioners were appointed by the District Court of Lewis and Clarke County
    to assess damages for the right of way for a railroad, under the statute in force
    in 1887 (§ 685, div. 5, Comp. Stats.), and in which county the assessment of
    damages was filed, an appeal from such assessment to the District Court of
    Jefferson County, within which respondent's lands were situated, and which was
    at that time within the same judicial district with Lewis and Clarke County,
    without first obtaining a change of venue to that county, was unauthorized, and
    the subsequent proceedings of that court were without jurisdiction and void.

*Appeal from Fifth Judicial District, Jefferson County.*

Condemnation proceeding.    Defendant appeals from an order
by GALBRAITH, J., denying its motion to set aside the award of
the arbitrators and for a new trial.    Reversed and remanded.

*Sanders, Cullen & Shelton,* for Appellant.

BLAKE, C. J.— It appears from the transcript that the
Helena, Boulder Valley and Butte Railroad Company made,
February 5, 1887, an application to the District Court of the
Third Judicial District of the Territory of Montana, in and for
the county of Lewis and Clarke, for the appointment of com-
missioners to assess the damages for the right of way of its road.
The report of the commissioners containing the assessment of
damages was filed therein February 15, 1887. Allport and
others appealed to the District Court in and for the county of
Jefferson from this assessment, and their notice of appeal was
therein filed. The lands and premises of said appellant are
situate in the county of Jefferson. In the years 1890 and 1891,
proceedings were had in the District Court of the Fifth Judicial
District of the State of Montana, in and for the county of
Jefferson, under which the damages were assessed by certain
arbitrators. The counsel for the railroad company moved to
set aside the award of the arbitrators, and for a new trial.
Both motions were refused by the judge of the said Fifth
Judicial District, and judgment was entered in accordance with
the award, and this appeal has been prosecuted by the railroad
company.

The question which we intend to consider relates to the juris-
diction of the District Court of the county of Jefferson over the
subject. The learned counsel for the respondents upon this
hearing were not connected with this proceeding when the
original appeal was taken by the railroad company, and admit
that they are not fully satisfied thereon. The statute which
was in force in February, 1887, and under which the courts
assumed to act, has not been amended since that time. (Rev.
Stats. div. 5, § 307; Comp. Stats. div. 5, § 685.)

The following provisions are applicable to this contention:
The commissioners "*may be appointed upon application by
any party to any District Court or judge thereof in any of the
judicial districts in which the lands or premises to be taken
lie.*" The appraisement is to be returned "into court," and
the amount awarded is to be paid to the "clerk thereof." The
"*party feeling aggrieved by said assessment may within thirty*

days file an appeal there from, and demand a jury of twelve men to estimate the damage sustained." The "party appealing shall give bonds . . . . for the payment of any costs that may arise upon such appeal to the District Court." If the corporation "shall file with the clerk of said court an offer to confess judgment, . . . . the claimant shall pay the costs." The section concludes with this *proviso:* "*Provided*, that the District Court of the district in which the land or premises are situated shall have exclusive jurisdiction in all judicial proceedings had in pursuance of this section and of section 302, aforesaid, subject to the right to change the venue for cause."

From the year 1887, when this proceeding was commenced, until the eighth day of November, 1889, when the Territory was admitted into the Union, the counties of Lewis and Clarke and Jefferson were in the same judicial district. Under the Constitution of the State the counties of Jefferson, Beaverhead and Madison formed the Fifth Judicial District. The venue of this proceeding was never changed by any order of the court, and no motion for this purpose was ever made. By virtue of the statute, *supra*, the District Court in and for the county of Lewis and Clarke had jurisdiction of the matter to a certain extent, and the award of the commissioners was filed therein. Until the venue had been changed according to law, we do not know of any authority for the filing of the notice of appeal in the District Court of Jefferson County. The subsequent action of the court below was therefore without jurisdiction, and void.

It is ordered that the judgment be reversed, and that the cause be remanded for further proceedings in conformity with this opinion.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.