# THE STATE OF MONTANA EX REL. BARTLETT, SPECIAL ADMINISTRATOR, *v.* THE SECOND JUDICIAL DISTRICT COURT, RESPONDENT.

[Submitted September 14, 1896.   Decided September 28, 1896.]

DISTRICT COURT—*Probate jurisdiction.*—The jurisdiction of the district court, sitting in probate matters is limited to the powers conferred upon it by statute. (*In re Higgin's Estate*, 15 Mont. 474; *Chadwick* v. *Chadwick*, 6 Mont. 566, cited.)

SPECIAL ADMINISTRATOR—*Payment of claim against estate.*—The functions of a special administrator being limited by sections 2500, 2504 of the Code of Civil Procedure, to the exercise of powers necessary to collect and preserve the estate for the executor or administrator to be regularly appointed, an order by a district judge directing a special administrator to pay an indebtedness of the estate, is void.

SAME—*Same—Section 2623, Code of Civil Procedure, construed.*—Section 2623 of the Code of Civil Procedure, being part of the chapter entitled "claims against the estate" and providing that "if there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court or judge, pay the amount then accumulated and unpaid at any time when there are sufficient funds properly applicable thereto," relates to the payment of claims during the regular course of administration and does not authorize an order directing the payment of a claim by a special administrator.

SAME—*Same—Order to pay claim—Review on certiorari.*—An order of the district court directing the payment by a special administrator of an indebtedness of the estate, being without jurisdiction, is reviewable on *certiorari*.

SAME—*Same—Beneficial interest of relator—Certiorari.*—A special administrator is a party beneficially interested in an application for a writ of *certiorari* to review an order of the district court, made without jurisdiction, under the terms of which he would be obliged to pay to a creditor of the estate money which he had collected and ought to preserve for the general administrator.

ORIGINAL PROCEEDING.   Application for a writ of *certiorari* to review an order of the district court directing the relator as special administrator to pay an indebtedness of the estate.

Statement of the case by the justice delivering the opinion.

H. R. Bartlett, special administrator of the estate of John F. Kelly, deceased, petitions the court to issue a writ of review commanding the district court of the Second judicial district to certify to this court a transcript and record of the proceedings considered by said district court in the matter of the estate of said John F. Kelly, deceased, and the petition of Mary Ellen Kelly for an order directing the special administrator to pay the indebtedness of the First National Bank of Butte, and the order of the district court directing the payment thereof. The petitioner alleges that the district court had no jurisdiction or authority to make the order directing the special administrator to pay the indebtedness of said bank. The affidavit of H. R. Bartlett sets forth that he is the special administrator of the estate of ·John F. Kelly, deceased; that said Kelly died on April 16th, 1896; that on April 18th, 1896, affiant offered for probate in said district court a document purporting to be the last will and testament of said deceased, and dated April 16th, 1896, wherein deceased made bequests to various relatives amounting to the sum of $22,000 and bequeathed the residue of his estate to his widow and minor child; that on April 18th, 1896, the district court duly made an order appointing this petitioner special administrator to collect and take charge of the estate and exercise such other powers as might be necessary for the preservation of the estate, and to do such further acts as ·might be ordered by the court; that bonds were given and approved; that on April 29th, 1896, the said Mary Ellen Kelly, the wife of the deceased, for herself and as guardian of her minor child filed objections and contest to the probate of the document purporting to be the last will and testament of the deceased. Petitioner also avers that the petition for probate and the contest are still pending and undetermined; that, as special administrator, he proceeded to take charge of and collect the property and effects of the deceased and realized the sum of about $83,000, which he still has on hand.

On August 3d, 1896, the said Mary Ellen Kelly filed in the district court a petition setting forth, among other things, that

the special administrator was in possession of about $90,000, and that the estate was indebted to the First National Bank of Butte in the sum of $67,000, which was drawing interest at at the rate of ten per cent. per annum and secured by first lien upon the real property belonging to the estate; that no claim had been presented by the bank for said sum, but she prayed for an order directing the special administrator to pay out of the funds then in his hands the indebtedness so owing to the bank together with accrued interest.

On August 5th, 1896, the special administrator filed his answer to the petition of the widow, saying that he had no knowledge of the indebtedness to the bank for the reason that no claim had been presented therefor and that he was informed and believed that there were a great many claims and demands against the estate, but could not state the nature, character or amount thereof. He also set forth other matter in his answer much of which is immaterial to the question raised by this proceeding.

It is averred that on August 11th, 1896, the judge of the district court at chambers made an order wherein the court found that the estate was indebted to the First National Bank of Butte in the sum of $69,381.37, which was interest bearing and secured by deed of trust and was a first lien on the real property belonging to the estate. The court also found that the estate was solvent and that the assets were sufficient to pay all the debts and liabilities of the estate.

The Hon. John J. McHatton, judge of the Second judicial district court, for his return makes a transcript of the record and proceedings used and considered by him. His return sets forth the petition of Mary Ellen Kelly praying for an order requiring the special administrator to discharge the debt due the First National Bank; the special administrator's answer is also part of the return. The order appointing H. R. Bartlett special administrator recites that as special administrator he is ordered "to collect and take charge of the estate of the deceased in whatever county or counties the same may be found, and to exercise such other powers that may be necessary for

the preservation of the estate, and to do such further acts as may be ordered by the court,'' etc.    It appears that the judge heard testimony before he made the order directing the special administrator to pay the indebtedness of the First National Bank.    The cashier of the bank was called and permitted to testify in relation to the indebtedness against the objection of the special administrator.    The basis of the objection was that the court had no power to receive proofs of claims by oral testimony and no authority to order the special administrator to pay the debts of the deceased.    It appears also by the return that contests were filed to the probate of the document purporting to be the last will of said John F. Kelly.    The order of the court embracing the findings as to the condition of the estate and the amount due to the First National Bank and directing the special administrator to pay the bank is also included in the return.

The respondent moved to quash the writ issued upon the grounds that there is an appeal from the order complained of, and that it does not appear from the record that the application was made on the affidavit of a party beneficially interested.

*J. W. Forbis,* for Relator.

*Thompson Campbell* and *William Scallon,* for Respondent.

HUNT, J.—It has been established by the decisions of this court that the jurisdiction of the district court sitting in probate matters is limited to the powers conferred upon it by statute, that is, to the control of the "administration of decedent's estates, the supervision of the guardianship of the infants, the control of their property, the allotment of dower and other powers pertaining to the same subject." (*In re Higgins' Estate,* 15 Mont. 474; *Chadwick* v. *Chadwick,* 6 Mont. 566.) If, therefore, there was no authority of statute for the district judge to authorize the payment of the debt due by the Kelly estate to the bank, the whole proceeding directing such payment was void, and the writ should issue.

The powers of a special administrator are limited. He is "to collect and take charge of the estate of the decedent * * * and to exercise such other powers as may be necessary for the preservation of the estate." (§ 2500, Code of Civil Procedure.) Again, the statute authorizes him to collect and preserve for the executor or administrator all incomes, rents, issues and profits, claims and demands of the estate; he must take charge and management of, enter upon and preserve from damage, waste and injury the real estate, and for any such and all necessary purposes may commence and maintain or defend suits and other legal proceedings as an administrator. He may sell perishable property in certain instances, and "exercise such other powers as are conferred upon him by his appointment, but in no case is he liable to an action by any creditor." (§ 2504, Code of Civil Procedure.) These statutes limit the functions of a special administrator to the exercise of powers necessary to collect and preserve the estate for the executor or administrator to be regularly appointed. The enumeration of particular powers such as to sell such perishable property as may be ordered sold, and to collect rents, etc., is but to enable a special administrator to collect and preserve what otherwise might not be collected and preserved for the estate by any one in authority. The authority " to exercise such other powers as are conferred upon him by his appointment" is but a further power to do what may be necessary to collect and preserve; it is not a power to exercise the powers and duties conferred upon a regular executor or administrator such as the allowance or payment of claims. " The paramount duty of this special administrator is to collect all the personal estate of the deceased, and preserve the same for the general executor or administrator, when appointed." (Schouler on Executors and Administrators, § 135; Crosswell on Executors, § 223; *Long* v. *Burnett*, 13 Iowa 28; *Henry* v. *Superior Court*, 93 Cal. 569.)

The provision of the statute that in no case is a special administrator liable to an action by any creditor on a claim against the estate confirms the view just taken. He cannot be

sued upon a claim. If he cannot be sued, plainly he cannot reject a claim, otherwise a creditor would be remediless where a special administrator might unjustly reject a creditor's claim. (*In re Sackett*, 73 Cal. 300; *Pickering* v. *Weiting*, 47 Iowa 242.)

It is contended that the court was authorized to make the order under § 2623, Code of Civil Procedure, which is as follows : "If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court or judge, pay the amount then accumulated and unpaid, or any part thereof, at any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid."

But we think that this statute is part of the method of administration governing general administrators. It is appropriately placed in the chapter entitled "Claims against the estate," and has relation to the payment of claims during the regular and orderly administration of estates, and not to the duties of a special administrator to whom claims need not even be presented. It is, therefore, unnecessary to discuss the powers of a general administrator under the statute quoted.

It is argued that the relator has a remedy by appeal and therefore is not entitled to the writ prayed for. But inasmuch as the court had no authority to direct the special administrator to pay the debt ordered to be paid, the order of payment was made without the jurisdiction of the court and is subject to review and annulment in this proceeding.

It is also contended that the relator does not appear to be a party beneficially interested and therefore is not entitled to the writ. (§ 1942, Code of Civil Procedure.) But, as the special administrator is authorized to commence and maintain or defend suits and other legal proceedings necessary to collect and preserve the estate, surely he should be entitled to a writ of review of an order of the district court made without jurisdiction, and under the terms of which as special administrator he would be obliged to pay to a creditor the sums he had col-

lected and ought to preserve for the general administrator or executor. We think, too, that the relator has a direct beneficial interest in this proceeding, because if he pays out the funds of the estate upon an order of the court made without jurisdiction, such an order may not protect him and he may be held personally liable on his bonds.

The motion to quash is denied and the order of the district court is annulled.

Pemberton, C. J., and De Witt, J., concur.