STATE EX REL. DAVIS, RELATOR, *v.* DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT, RESPONDENT.

(No. 1,688.)

(Submitted October 17, 1903.  Decided November 16, 1903.)

*Irrigation—Water Ditch—Right of Way — Condemnation— Certiorari to Review — Propriety — Jurisdiction of Lower Court—Remedy by Appeal.*

1. Code of Civil Procedure, Section 2210, relating to the condemnation of rights of way for water ditches, provides that all such proceedings must be brought in the county where the land is situated. *Held* that, after filing

a complaint in the proper county, plaintiff could not change the place of trial at his own instance to another county merely by a recital in the summons that the hearing would be had there, and the order made at such hearing was without jurisdiction.

2.   Three prerequisites to the granting of a writ of *certiorari* are indispensable and must coexist: (1) Excess of jurisdiction in the court or judge making the order complained of; (2) absence of the right of appeal; and (3) lack of any plain, speedy and adequate remedy other than *certiorari.*

3.   Code of Civil Procedure, Section 2214, relating to the condemnation of rights of way for water ditches, and providing that any party can appeal to the supreme court from any findings or judgment, as in other cases, precludes a resort to *certiorari.*

4.   Where a resort to *certiorari* to review an order condemning land for a water ditch is precluded by the right of appeal given by statute, the question whether there is any third plain, speedy and adequate remedy is immaterial.

APPLICATION for *certiorari* by the state of Montana, on the relation of A. J. Davis, against the district court of the Fifth judicial district of such state. Application denied.

Mr. *R. L. Clinton,* for Relator.

Mr. *J. N. Kirk,* and Messrs. *McConnell & McConnell,* for Respondent.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an original application for writ of *certiorari* to have an order of condemnation made by the judge of the district court annulled on the ground that it was made in excess of jurisdiction. The action in which the order was made was instituted in the district court in Madison county, Montana, for the purpose of having a certain strip of land therein condemned as a right of way for a water ditch. The complaint was filed April 10, 1901, and a summons was issued on that day citing defendant to appear before the judge of said district court at chambers at Boulder, in Jefferson county, Montana, on April 22, 1901, and show cause why the property described in the complaint should not be condemned. On April 20th the defendant filed in Madison county a demurrer to the complaint on the ground that no cause of action was stated therein, and that the court had no jurisdiction of the person, or of the subject-matter of the

action.    A hearing was had in Jefferson county, at which the defendant appeared specially by his attorney, and objected to the jurisdiction of the court, and to any proceeding being had in Jefferson county. The judge, sitting in chambers, however, made an order of condemnation, which was afterwards filed with the clerk of the court of Madison county.   The record also contains certain other matters which the relator claims are irregularities in the proceedings of the district judge, which, however, are not material to the question here presented.

1.    There are three indispensable prerequisites to the granting of a writ of *certiorari* enumerated in Section 1941 of the Code of Civil Procedure, as that section is construed in *State ex rel. King et al.* v. *District Court,* 24 Mont. 494, 62 Pac. 820, and *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395, to-wit:   (1) Excess of jurisdiction in the court or judge making the order complained of ; (2) absence of the right of appeal; and (3) lack of any plain, speedy and adequate remedy other than *certiorari.*  These prerequisites will be considered in the order enumerated.

Condemnation proceedings are special proceedings provided for by the statute.   (Section 2210 *et seq.,* Code Civ. Proc.) Section 2216 of this statute provides that all such proceedings must be brought in the county where the land is situated.   This implies that they must also be tried there, unless transferred by the court or judge in some manner authorized by law.   (*City of Santa Rosa* v. *Fountain Water Co.,* 138 Cal. 579, 71 Pac. 1123; *California S. R. Co.* v. *Southern Pac. R. Co.,* 65 Pac. 394, 4 Pac. 344; *City of Helena* v. *Rogan et al.,* 26 Mont. 452, 68 Pac. 798; *Allport* v. *Helena B. V. & B. R. Co.,* 12 Mont. 279, 29 Pac. 966.)   To hold that the plaintiff may, after filing his complaint in the proper county, change the place of trial at his own instance, and without the knowledge or consent of defendant, to some other county, merely by reciting in the summons that the hearing will be had in such other county (and this was the proceeding in this case), would be to make this section meaningless.   If the plaintiff may move the action to

some other county by merely naming the place of hearing in his
summons, he might, with the same propriety and authority,
remove the case to some other judicial district. In the last case
cited above, the court made an order under similar circum-
stances, and under a similar statute, which on appeal was held
to have been made without jurisdiction, and was therefore void.
There can be no doubt that the action of the judge of the dis-
trict court in holding this hearing in Jefferson county was not
only in excess of jurisdiction, but without jurisdiction, and the
order of condemnation based thereon is wholly void.

2.    Section 2214, Code of Civil Procedure, after enumer-
ating the prerequisites to the granting of an order of condemna-
tion, says: "The plaintiff or defendant, or any party interested
in the proceedings, can appeal to the supreme court from any
finding or judgment made or rendered under this title, as in
other cases." It is very clear that under this statute the defend-
ant had an appeal from this order. Prior to the decision in
*State ex rel. King* v. *District Court, supra,* writs of *certiorari*
were issued by this court, though the party had an appeal, where
it was apparent that the appeal was not wholly adequate, or
where the proceeding by *certiorari* was more expeditious or con-
venient. (*State ex rel. Kenyon* v. *Laurandeau,* 21 Mont. 216,
53 Pac. 536; *State ex rel. Reins* v. *Sixth Judicial District
Court,* 22 Mont. 449, 57 Pac. 89, 145, 74 Am. St. Rep. 618;
*State ex rel. Bartlett* v. *District Court,* 18 Mont. 481, 46 Pac.
259; *State ex rel. Johnson* v. *Case,* 14 Mont. 520, 37 Pac. 95.)
This construction of Section 1941, *supra,* was clearly erroneous,
and was changed in the cases cited in the 24th Montana, and in
*State ex rel. King* v. *District Court, supra;* and it is now the
settled law of this state that the three prerequisites mentioned
in Section 1941, *supra,* must coexist, and that if there is either
an appeal, or other plain, speedy and adequate remedy, *certio-
rari* does not lie, and if the order or judgment is not appealable,
but there is any plain, speedy and adequate remedy other than
*certiorari,* the writ does not lie, and that even though the remedy
by appeal may not be speedy or adequate. This latter case also

contains a collection of decisions on this subject theretofore rendered by this court, and subsequent to that decision the doctrine announced therein has been adhered to. (*State ex rel. Anaconda C. M. Co.* v. *Second Judicial District Court,* 25 Mont. 504, 65 Pac. 1020; *State ex rel. Leyson* v. *District Court,* 26 Mont. 378, 68 Pac. 411; *State ex rel. Riddell* v. *District Court,* 27 Mont. 103, 69 Pac. 710.)

3.    Whether the defendant in this action has or had any other plain, speedy and adequate remedy is immaterial, as his remedy by appeal was conclusive, so far as these proceedings are concerned.

The writ should be quashed and this proceeding dismissed on the ground and for the reason that the statute, as interpreted by the former decisions of this court, all rendered prior to the making of this application, declare that the writ of review cannot be resorted to where an appeal lies.

PER CURIAM.—For the reasons given in the foregoing opinion, the writ heretofore issued is vacated, and the application is dismissed.