## In re FORD'S ESTATE.

### (No. 1,723.)

(Submitted December 8, 1903.   Decided December 21, 1903.)

*Probate Law — Special Administrators — Compensation — Powers—Settlement of Final Account—Expenses Allowed— Appeal—Presumption.*

1. The court has a discretionary power to grant a special administrator compensation for his services, although no provision therefor is made by the Code of Civil Procedure.

2. On appeal from an order allowing the final account of a special administrator, where the record fails to show whether sales of personal property were made pursuant to order of the district court, but the transcript does not purport to contain copies of all the papers in the case, it must be presumed, in the absence of anything to the contrary, that the sales were made according to law and were properly approved by the district court.

3. The Code of Civil Procedure limits the functions of a special administrator to the exercise of powers necessary to collect and preserve the estate for the executor or administrator to be regularly appointed.

4. On appeal from an order approving the final account of a special administrator, where no contention is made by appellant of the lack of evidence to justify the approval, and the record shows that the various items of expense were incurred on behalf of the estate and that the special administrator had vouchers for the same, such items cannot be considered, unless upon the face of the account they appear to be such as should not have been allowed in any case.

5. Since Code of Civil Procedure, Sections 2500-2506, providing for special administrators, give them no power to have appraisers appointed, and since the provisions of the Code requiring appraisers to be appointed do not apply to special administrators, expenses incurred by a special administrator in the appointment of appraisers were improperly allowed to him in his final settlement.

6. Since Code of Civil Procedure, Sections 2500-2506, relative to special administrators, give them no power to pay the debts of the estate, and since the provisions of the Code requiring notice to creditors do not apply to special administrators, a special administrator cannot pay the debts of the estate, nor limit the time for the presentation of claims by any notice which he might give, and should not receive credit on his final account for expenses incurred by him in publishing notice to creditors.

7. A special administrator is not entitled, on his final settlement, to an allowance for the amount expended by him in procuring a revenue stamp for his bond.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

In the matter of the estate of Thomas Ford, deceased. On objections by Con. Hayes, executor, to the final account of R. De B. Smith, special administrator. From an order allowing the account, executor appeals. Modified.

*Mr. John J. McHatton,* for Appellant.

*Mr. H. R. Whitehill,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In April, 1900, Thomas Ford died, leaving a will by the terms of which the appellant, Con. Hayes, was nominated executor. The appellant presented to the district court a petition for the probate of the will and for his appointment as executor, to which petition objections were filed; and it appearing to the district court that delay would ensue in granting letters testamentary or of administration, and that it was necessary that some one be authorized to collect and take charge of

the estate of decedent, the court, on May 30, 1900, appointed the respondent, R. De B. Smith, special administrator, who immediately qualified and entered upon the discharge of his duties. Thereafter, on April 23, 1901, the will of the deceased was admitted to probate, and letters testamentary were issued to the appellant, Hayes. Thereupon the court directed the special administrator to file his final account, which was done on May 2, 1901. To this account the executor filed written objections. A hearing was had, the objections overruled, and the account allowed. From the order allowing the account the executor appealed.

The record shows that the special administrator sold certain personal property, consisting of range horses and hay, to the amount of $571.90, and collected other sums of money belonging to the estate, making his total receipts $807.74; that he paid out for various items of expense $806.10. These items of expense are for attorney's fees, clerk's fees, compensation to special administrator, expense of caring for the property, and taxes; also 50 cents for internal revenue stamp on bond, $6 paid for publishing notice to creditors, $15 paid to appraisers, $5 paid for carriage for the use of the appraisers, $6 for one day's work of the special administrator in having the appraisers appointed, and $6 for one day's service of the special administrator in meeting with the appraisers. Exception is taken to all of the items of expense, except the attorney's fees, taxes, and commission allowed the special administrator.

Most of the items of expense are for disbursements made by the special administrator in collecting, taking charge of, and caring for the property of the estate, and, as it was situated in five different counties, we cannot say that the expenses incurred were unreasonable, or that the district court abused its discretion in allowing them.

Objection is made to the amount allowed the special administrator as compensation for his services. The Code of Civil Procedure makes no provision for the compensation of a special administrator, but it cannot be presumed that the law contem-

plates that such services shall be rendered gratuitously. We prefer to adopt the views of the Supreme Court of California on this subject, as disclosed in *In re Moore's Estate,* 88 'Cal. 1, 25 Pac. 915. It is there said: "The Code of Civil Procedure does not make any special provision for the compensation of a special administrator, but leaves it to the discretion of the court in the settlement of his account." Considering the fact that the special administrator was in charge of this property for a year, we cannot say that the allowance made to him was excessive.

With reference to the receipts, the record fails to disclose whether such sales of personal property were made pursuant to the order of the district court. The transcript does not purport to contain copies of all the papers in the case, and, in the absence of a showing to the contrary, we must presume that such sales were made according to law, and that they were properly approved by the district court.

No contention is made by the appellant of the lack or insufficiency of evidence to justify the order of the court in approving this account. The record does show that the various items of expense were incurred on behalf of the estate, and that the special administrator had vouchers for the same. We are therefore precluded from considering any of these items, unless upon the face of the account they appear to be such as should not have been allowed at all. The powers, duties and liabilities of a special administrator are specifically provided for in Sections 2500 to 2506 of the Code of Civil Procedure. With reference to these powers this court has said: "It has been established by the decisions of this court that the jurisdiction of the district court sitting in probate matters is limited to the powers conferred upon it by statute, that is, to the control of the 'administration of decedents' estates, the supervision, of the guardianship of the infants, the control of their property, the allotment 'of dower and other powers pertaining to the same subject.' *In re Higgins' Estate,* 15 Mont. 474, 39 Pac. 506, 28 L. R. A. 116. * * * The powers of a special administrator are

limited. He is 'to collect and take charge of the estate of the decedent  *   *   *   and to exercise such other powers as may be necessary for the preservation of the estate.' Section 2500, Code of Civil Procedure. Again, the statute authorizes him to collect and preserve for the executor or administrator all incomes, rents, issues and profits, claims and demands, of the estate; he must take charge and management of, enter upon, and preserve from damage, waste and injury, the real estate, and for any such and all necessary purposes may commence and maintain or defend suits and other legal proceedings as an administrator. He may sell perishable property in certain instances, and 'exercise such other powers as are conferred upon him by his appointment, but in no case is he liable to an action by any creditor.' Section 2504, Code of Civil Procedure. These statutes limit the functions of a special administrator to the exercise of powers necessary to collect and preserve the estate for the executor or administrator to be regularly appointed. The enumeration of particular powers, such as to sell such perishable property as may be ordered sold, and to collect rents, etc., is but to enable a special administrator to collect and preserve what otherwise might not be collected and preserved for the estate by any one in authority. The authority 'to exercise such other powers as are conferred upon him by his appointment' is but a further power to do what may be necessary to collect and preserve; it is not a power to exercise the powers and duties conferred upon a regular executor or administrator, such as the allowance or payment of claims." (*State ex rel. Bartlett* v. *Dist. Court,* 18 Mont. 481, 46 Pac. 259; *In re Moore's Estate, supra.*)

In the absence of any statute requiring the special administrator to have appraisers appointed, all expenses incurred by him, or allowances made to him on account of such appraisers, were not justified, and should not have been allowed. Neither should the special administrator receive credit for the expense incurred by him in publishing notice to creditors. He could not pay the debts of the estate; therefore he could not limit the time for the presentation of claims against the estate by any

notice which he might have given. The provisions of the Code requiring appraisers to be appointed, and notice to creditors to be given apply to administrators and executors regularly appointed as such, and are not applicable to special administrators. Neither was the court justified in allowing him the expense of procuring a revenue stamp for his bond.

The cause is remanded to the district court, with directions to modify the order by disallowing the items heretofore referred to, aggregating $38.50, and, when so modified, that it be affirmed.

*Modified and affirmed.*