In the Estate of JAMES SMALE, Deceased.    Objections of
     ELIAS SMALE to the Appointment of JOSEPH TUBB as
     Executor.

**Estates of decedents:** ADMINISTRATION: APPOINTMENT OF EXECUTOR.
     The brother of a testator having no financial interest in the ad-
     ministration of the estate, other than as devisee, has no right to
     object to the confirmation of the executor named in the will, with-
     out a showing of his unfitness for the trust; but where all the
     other beneficiaries join in asking the appointment it should be
     made, unless there is some sufficient reason why the testator's
     wish should not be followed.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL,
                              Judge.

                SATURDAY, MARCH 11, 1911.

     THE opinion states the case.—*Reversed* and *remanded.*

     *Samuel D. Whiting,* for appellant.

     *Edwin B. Wilson,* for appellee.

     SHERWIN, C. J.—James Smale died in Johnson
County, Iowa, on the 14th day of January, 1910, leaving
a will, which was thereafter admitted to probate, in which
he named Joseph Tubb and Charles Johnson as executors
thereof.   The will gave all of the real estate owned by him
in Chicago, Ill., to his brother Elias Smale, who was a resi-
dent of Chicago, and the remainder of his property, both
real and personal, was given to relatives who then and now
reside in England.   Elias Smale was present during the
last days of James Smale, and after his death he filed ob-

jections to the appointment of Joseph Tubb as one of the executors of his estate. Immediately after the death of James Smale, Tubb, upon his own application, was appointed special administrator of the property of the deceased and took possession thereof so far as he could find it. The principal objection made to the confirmation of Tubb as executor was that he had been too hasty and officious in securing the temporary administratorship and the same thought seems to have been the foundation of the court's order refusing to make him one of the executors.

There are several good and sufficient reasons why the court should not have made the order it did make. In the first place Elias Smale had no financial interest in the administration of the estate, so far as the provisions of the will are concerned. He was an officious intermeddler, who should have been summarily dismissed from the court. The record fairly shows that his action in the matter was prompted by the hope of personal gain at the expense of the other legatees. In the next place, all of the other legatees asked that Mr. Tubb be confirmed as an executor, and finally the will appointed him, and no sufficient reason was shown why the testator's wishes should not govern. Decedent and Mr. Tubb had been warm friends for many years. Tubb drew the will and knew that he had been named therein as one of the executors. He had reasons, which seemed sufficient to him as the intimate friend of James Smale, for believing that prompt action was necessary to preserve his friend's estate for those to whom it had been bequeathed, and hence his action in securing temporary administration was commendable rather than otherwise. The Code, section 3299, expressly provides therefor in all cases where it may be necessary for the preservation of the estate. As we have said, Joseph Tubb was one of the executors appointed by the testator, and such appointment must stand, unless it is made to appear that the appointment would not have been made by the tes-

tator with knowledge of the conditions existing at the time the court is asked to confirm such appointment. *In re Van Vleck's Estate*, 123 Iowa, 89; *Burlington Assn. v. Gerlinger*, 111 Iowa, 293; *In re Miller's Estate*, 92 Iowa, 741; *Pickering v. Weiting*, 47 Iowa, 242.   Joseph Tubb did nothing, either before or after the death of Smale, that would have shaken the latter's confidence in him.   On the contrary, Tubb's efforts to preserve the estate were dictated by an earnest desire to serve his friend and by good business judgment.

The judgment of the district court is reversed, and the case remanded for an order in harmony with this opinion.— *Reversed* and *remanded*.