## In re PERSON'S ESTATE.

Second Division.  Nome.  November 20, 1926.

No. 3029.

1. **Executors and Administrators** ⟨⟩**29(2)—Judgment—Finality of Order of Probate Court Appointing Administrator, Not Appealed from —Collateral Attack.**

G. A. Adams, the executor named in the will, offered it for probate, with the proofs of subscribing witness. An affidavit was filed by the attending physician, who alleged that the deceased testatrix was not competent to make the will. The probate court refused probate of the will and appointed another person administrator of the estate. On objection to the account of the administrator, *held*, it appearing that no appeal was taken from the order appointing said T. C. Lehmann administrator of said estate, and that said probate court has and had exclusive and general jurisdiction in the matter of such appointment, that the order appointing the administrator is not subject to collateral attack.

2. **Executors and Administrators** ⟨⟩**29(2), 32(2)—Wills—Refusal to Probate and Appointment of Administrator.**

Where the decedent left a will, which was refused admission to probate, and no appeal taken, and an administrator appointed, and objection was made to the administrator's accounts, on appeal to the district court, *held*, that the existence of the will in fact did not render such appointment of the administrator void, and that all the acts of said administrator prior to the revocation of his letters, were valid, however irregular.

The above-entitled matter coming on for hearing in said court upon the transcript from the probate court, Cape Nome precinct, G. A. Adams, executor of said estate, appearing pro se and for said legatees, no appearance being made by T. C. Lehmann, the administrator appointed by said probate court pending the admission of the will of said deceased to probate, and it appearing from said transcript that exceptions were taken by appellants to the order of said court allowing and approving the final report and account of said administrator, and revoking the letters of administration, and "to the whole of said order, and specifically to such order in the approval and allowance of the sum of $50 to James Frawley as attorney fee, $2.80 to United States Signal Corps for telegram, $51 to R. F. Swartz for physician service, $12 to Maynard-Columbus

⟨⟩See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hospital, $310 to B. W. Neily for undertaking, $15 to three appraisers, at $5 each, $15 to Fred Gibson for typewriting, $15 to Nome Nugget for publishing notice to creditors, and $224 to T. C. Lehmann as fees of administrator, for the reason and upon the ground that such items are grossly excessive and the allowance and approval thereof were without authority of law."

G. A. Adams, of Nome, for appellants.

LOMEN, District Judge.  It appears to the court that no appeal was taken from the order appointing said T. C. Lehmann administrator of said estate, and that said probate court has and had exclusive and general jurisdiction in the matter of such appointment, and that such appointment therefore is not subject to collateral attack (Ruling Case Law, title "Executors and Administrators," §§ 59 and 60); that the existence of a will in fact did not render such appointment void (Id., § 85); and that all the acts of said administrator prior to the revocation of his letters were for the benefit of said estate and valid, however irregular (Id., §§ 80, 102).  No vouchers accompanied the transcript, and no motion for diminution of the record was made.  There was no evidence offered on the hearing of the appeal, other than that furnished by the transcript.

After the filing of the transcript, the probate court, having discovered an error in the computation of the statutory percentages allowed administrators as compensation, collected from said administrator the amount of said error and credited said estate therewith, and thereupon, but after the hearing herein, filed with the clerk of the court a supplementary transcript accounting for said error.

The only question seriously argued by the executor as to any of the items of account specifically objected and excepted to was as to the propriety of allowing the administrator the full statutory allowances, in view of the fact that the estate has not been wholly administered, and that the estate is now in the hands of the appellant executor.  Stress was laid by the executor upon the language of section 1775, Compiled Laws of Alaska:

"Upon such hearing the district court * * * shall determine the issues * * * according to the very right of the matter."

He argued that the question was one of equity, and cited In re Underwood's Estate, 6 Alaska, 673, in which case Judge Ritchie held that:

"The power of the district court on appeal from the probate court seems to be equitable. * * * Section 1597, Alaska Code, provides that an administration 'is in the nature of a suit in equity'" (as distinguished from an action at law).

But the statute cited expressly refers to "the mode of proceeding," and in no wise detracts from or changes statutory allowances due an administrator. Indeed, "equity follows the law." The facts in the Underwood estate, cited, were entirely different from the facts here presented. The fees were there disallowed because the services rendered by the administrator were not in any wise beneficial to the estate, and were characterized by Judge Ritchie as "self-serving" and "unnecessary."

In the present case the services were such as contemplated by the appointment, and as such neither self-serving nor unnecessary. The text quoted from by Judge Ritchie (C. J. §§ 2431, 2432) shows the distinction to be drawn between the cases thus:

"While there are a few cases holding that statutes providing for the allowance of commissions to personal representatives are imperative, and that the courts are without discretion to withhold them, the generally accepted view is that the allowance of compensation to an executor or administrator may be refused where a proper ground for such action exists. * * *"

This is not very plain. In re Moore's Estate, 88 Cal. 1, 25 P. 915, the court said:

"The Code of Civil Procedure does not make any special provision for the compensation of a special administrator. * * * We cannot say that it was improper for the court to take the rate of compensation fixed by the statute for an administrator as the standard for determining a proper allowance to be allowed the special [administrator]."

In the instant case Mr. Lehmann was appointed a general administrator. The case last above cited was followed in Re Ford's Estate, 29 Mont. 283, 74 P. 735.

We find no error in the order appealed from. If the appeal was as broad as the exceptions and notice, the appellants ask a reversal of that part of the order revoking the letters

issued to Mr. Lehmann. This would, if granted, militate against the appointment of Mr. Adams as executor. This was not, of course, intended by the appellants.

In view of the amended or supplementary transcript referred to, we see no occasion for a partial reversal, correcting the obvious error in computation.

The findings and order of the probate court are approved and affirmed, and the clerk is hereby directed to transmit to the probate court a certified copy of this opinion and order.